**Luis Richard GARCIA, M.D., Appellant,**

v.

**Lizalde MARICHALAR, Appellee.**

No. 04–05–00344–CV.

Court of Appeals of Texas, San Antonio.

Nov. 23, 2005.

M. Kenneth Patterson, Patterson & Wagner, L.L.P., San Antonio, for appellant.

Kimberly S. Keller, The Keller Group, Thomas D. Jones, Law Office of Thomas D. Jones, P.C., San Antonio, for appellee.

Sitting: KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

This interlocutory appeal arises from a healthcare liability claim filed by Lizalde Marichalar against Luis Richard Garcia, M.D. Pursuant to section 51.014(a)(9) of the Texas Civil Practice and Remedies Code, Garcia appeals the trial court's May 26, 2005, order denying his motion to dismiss Marichalar's claims with prejudice. Because the trial court has since dissolved the May 26, 2005, order, Marichalar has filed a motion to dismiss this interlocutory appeal as moot. In response, Garcia argues that, under Texas Rule of Appellate Procedure 29.5, the trial court's dissolution of its prior order interferes with or impairs the effectiveness of the relief sought by him on appeal. As such, Garcia moves that, pursuant to rule 29.6, we review the trial court's May 26, 2005, order. Because we agree that the trial court's dissolution of the May 26, 2005, order interferes with or impairs the effectiveness of the appellate relief sought by Garcia, we deny Marichalar's motion to dismiss and grant Garcia's motion.

### BACKGROUND

Within 120 days of filing her healthcare liability claim, Marichalar sent her expert report to Garcia; however, that report,

Richard L. Garcia, Jr., M. Teresa Garcia, George F. Evans, Evans & Rowe, P.C.,

which focused on acts by other defendants, did not mention Garcia at all. As such, Garcia filed a motion to dismiss Marichalar's claims, arguing that because she did not "serve" him with an expert report within 120 days after filing suit, the trial court, pursuant to section 74.351(b) of the Texas Civil Practice and Remedies Code, must dismiss her claim against Garcia with prejudice. Instead, on May 26, 2005, Garcia's motion to dismiss was denied. Challenging this interlocutory order, Garcia filed a notice of appeal, asking that we review the trial court's May 26, 2005, order. On September 28, 2005, four months after Garcia filed its notice of interlocutory appeal, the trial court dissolved its May 26, 2005, order and entered an order granting Marichalar an extension to cure the report.

### DISCUSSION

According to Marichalar, pursuant to Texas Rule of Appellate Procedure 29.5, the trial court had authority to dissolve its May 26, 2005, order. And, because the trial court granted Marichalar an extension under section 74.351 of the Texas Civil Practice and Remedies Code, Marichalar emphasizes that pursuant to section 51.014(a)(9), a party may not bring an interlocutory appeal from an "order granting an extension under section 74.351." *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 51.014(a)(9) (Vernon Supp.2004–05), 74.351(c) (Vernon 2005). Thus, Marichalar moves that we dismiss this appeal as moot.

In contrast, Garcia responds that because the trial court's order dissolving its prior order interferes with or impairs the effectiveness of the appellate relief sought, the trial court had no authority under rule 29.5 to dissolve the order. Garcia, therefore, asks that pursuant to rule 29.6, we retain appellate jurisdiction and review the trial court's prior order.

According to Texas Rule of Appellate Procedure 29.5, when an appeal from an interlocutory order is pending, a trial court may dissolve the order appealed from so long as the trial court's action does not interfere with or impair the effectiveness of the appellate relief sought by the appellant:

> While an appeal from an interlocutory order is pending, *the trial court retains jurisdiction of the case and may make further orders, including one dissolving the order appealed from,* and if permitted by law, may proceed with a trial on the merits. But the court must not make an order that:
> (a) is inconsistent with any appellate court temporary order; or
> (b) *interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal.*

TEX.R.APP. P. 29.5 (emphasis added). When a trial court's order does interfere with or impair the effectiveness of the appellate relief sought, rule 29.6 allows an appellate court to review "any interlocutory order that interferes with or impairs the effectiveness of the relief sought or that may be granted on appeal." TEX. R.APP. P. 29.6(a)(2).

In support of her argument, Marichalar points to rule 29.5's language giving the trial court authority to dissolve the order being appealed from. However, rule 29.5 also states, "But the trial court must not make an order that . . . interferes with or impairs the . . . effectiveness of any relief sought or that may be granted on appeal." TEX.R.APP. P. 29.5. Thus, we consider whether the trial court's order dissolving its former order interfered with or impaired the appellate relief sought by Garcia.

In support of her argument that the trial court's order did not interfere with or

impair the appellate relief sought, Marichalar relies on a recent opinion from the Corpus Christi Court of Appeals, *Christus Spohn Health System Corp. v. Rios*, No. 13–05–00070–CV, 2005 WL 1039791 (Tex. App.-Corpus Christi May 5, 2005, no pet.). In *Christus*, 2005 WL 1039791, at *1, the defendants filed an interlocutory appeal of the trial court's order overruling their objections to the sufficiency of the plaintiffs' expert report. While the appeal was pending, the plaintiffs asked the trial court to dissolve its prior order and grant them an extension to cure the deficiencies in the expert report. *Id.* The trial court granted the plaintiffs' motion, vacated its prior order, and granted the plaintiffs an extension of time. *Id.* The defendants argued that the trial court's action violated Texas Rule of Appellate Procedure 29.5 because it interfered with and impaired the effectiveness of the relief sought in the interlocutory appeal. *Id.*

The court disagreed, noting that the trial court's new order granted the relief requested by the defendants: it stated that there was a deficiency in the expert report. *Id.* Nevertheless, the defendants argued that this relief was insufficient because they wanted a dismissal with prejudice. *Id.* at *2. The court again disagreed, noting that the defendants could still have "the case dismissed with prejudice if [the plaintiffs'] 'cured' report is deficient." *Id.* And, "[i]f the trial court rules that the 'cured' report is sufficient, [the defendants] may appeal the ruling and secure a dismissal with prejudice on appeal." *Id.* According to the court, "[n]othing in the trial court's dissolution order impairs or interferes with these rights." *Id.* Thus, the court held that the trial court's action did not impair the effectiveness of the relief sought. *Id.*

*Christus*, however, is distinguishable from this appeal. In *Christus*, the expert report was timely sent to the defendant; it was just, according to the defendant, deficient. Thus, the basis of the defendant's motion to dismiss was the expert report's *deficiency*. When the trial court dissolved its order denying the motion to dismiss and granting an extension under section 74.351(c), the defendant was receiving the appellate relief sought: the finding that the expert report was deficient.

Here, however, with regard to Garcia, there was *no timely served expert report*. Unlike section 74.351(c), which concerns *deficient* expert reports and allows for the granting of one extension, section 74.351(b) provides that when an expert report has not been served on a party within 120 days after the date the claim was filed, the trial court must dismiss a claimant's claim with prejudice. Under section 74.351, an expert report has not been "served" in two situations:

(1) It was not served within 120 days after the date the claim was filed, i.e. there was no report;

(2) A report was given to the defendant within 120 days but it was deficient.

*See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a)-(c) (Vernon 2005). With respect to the latter, if a trial court decides that a timely served report is deficient, it may grant one extension to the claimant to cure the deficiency. And, if after that extension, the trial court determines that the report is still deficient, then, for purposes of section 74.351(b), the report has not been "served."

This is the situation that arose in *Christus*. The expert report was timely given to the defendant, and, initially, the trial court ruled that the report was not deficient. However, on the plaintiff's motion, the trial court dissolved its order, found the report to be deficient, and granted the plaintiff time to cure the deficient report. Under section 74.351(c), the trial court had

authority to grant one extension to the plaintiff in order to cure the deficiency. And, the trial court's order dissolving its previous order and granting an extension of time did not interfere with or impair the relief sought by the defendant because the defendant, too, was seeking a determination that the report was deficient.

Here, however, Garcia is not seeking a determination that the report was deficient. There was no expert report. Instead, he is seeking a dismissal with prejudice. Under section 74.351(b), when no expert report has been timely served, a trial court must dismiss a the claim with prejudice. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b) (Vernon 2005). Unlike when a report is given to the defendant but is deficient, when *no expert report* is served within 120 days of filing the claim, a trial court has no authority to grant an extension. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a)-(c) (Vernon 2005). Here, instead of allowing this interlocutory appeal to proceed, the trial court dissolved its prior order and granted an extension to Marichalar, which it had no authority to do. In essence, the trial court gave her time to cure a nonexistent report. And, because Garcia may not bring an interlocutory appeal from the granting of an extension, *see* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9), by dissolving its prior order and granting an extension, the trial court has interfered or impaired the relief sought by Garcia: a dismissal with prejudice, *see* TEX.R.APP. P. 29.5.

### CONCLUSION

Because the trial court had no authority to grant an extension to Marichalar, its dissolution of its May 26, 2005, order interfered with or impaired Garcia's right in his

interlocutory appeal to seek a dismissal with prejudice. We, therefore, deny Marichalar's motion to dismiss and grant Garcia's motion under rule 29.6. Because the trial court's September 28, 2005, order interfered with or impaired with the effectiveness of the appellate relief sought, it is vacated.