**TENET HOSPITALS, LTD., a Texas Limited Partnership d/b/a Sierra Medical Center, Appellant,**

v.

**Christina GOMEZ, Individually and as Personal Representative of the Estate of Lorenzo Gomez, and all Wrongful Death Beneficiaries, and as Next Friend of Savannah Nichole Gomez, Breann Tyara Gomez, Appellee.**

No. 08–07–00003–CV.

Court of Appeals of Texas, El Paso.

Jan. 24, 2008.

See also, 276 S.W.3d 13.

Yvonne K. Puig, Fulbright & Jaworski L.L.P., Austin, TX, for Appellant.

John Mundie, Miranda & Boyaki, El Paso, TX, for Appellee.

Before McCLURE, GOMEZ, JJ., and BARAJAS, C.J. (Ret.).

### OPINION

ANN CRAWFORD McCLURE, Justice.

This is a medical malpractice case in which the trial court denied the hospital's motion to dismiss and granted the plaintiffs a thirty-day extension of time to cure deficient expert reports. At issue is whether the hospital has a right of interlocutory appeal under Chapter 74 of the Medical Liability and Insurance Improvement Act. Because an interlocutory appeal is unavailable, we dismiss the appeal for want of jurisdiction.[1]

### FACTUAL SUMMARY

On November 7, 2003, 38–year–old Lorenzo Gomez was conducting tactical exercises when he felt dizzy, developed a headache, had muscle cramps, became nauseous, and began vomiting. He was taken by ambulance to the emergency room of Sierra Medical Center where he was initially examined and treated by Dr. Sergio Ibarra. Dr. Baker was consulted and he admitted Lorenzo to the hospital. Lorenzo was not evaluated by a physician until 6:35 a.m. the next morning. At that time, a nurse found him unresponsive and not breathing. A "Code Blue" was called, but resuscitation efforts were unsuccessful and Lorenzo was pronounced dead. An autopsy revealed the cause of death to be acute tubular necrosis of the kidneys due to rhabdomyolysis.[2]

---

1. Sierra has also filed an original petition for writ of mandamus based upon the same allegations. The mandamus proceeding has been consolidated with this appeal for purposes of briefing and oral argument. By opinion issued this same date, we have denied mandamus relief. *See In re: Tenet Hospitals, Ltd., a Texas Limited Partnership d/b/a Sierra Medical Center,* 276 S.W.3d 13 (Tex.App.-El Paso, 2008, no pet. h.).

2. Dr. Bradley defined rhabdomyolysis as "a clinical and laboratory syndrome resulting in skeletal muscle injury with release of cell contents into the plasma." Dr. Ibarra defined rhabdomyolysis as a syndrome associated with the destruction of skeletal muscle tissue

On October 31, 2005, Christina Gomez, individually and as the personal representative of the other plaintiffs, filed suit against Tenet Hospitals, Ltd., a Texas Limited Partnership d/b/a Sierra Medical Center ("Sierra"), Dr. Ronald Baker, and Dr. Sergio Ibarra. She timely served Sierra with the expert reports and *curriculum vitae* of Barton W. Butterbaugh, M.D., James Bradley, M.D., and Lennie Medina, R.N.

Sierra timely filed Chapter 74 objections to the sufficiency of the Bradley and Butterbaugh reports as well as a motion to dismiss. It filed a separate objection to the qualifications of Nurse Medina and the sufficiency of her report. In response, Gomez argued that the three reports constituted an objective good faith effort to comply with Section 74.351 and she requested a thirty-day extension if the trial court determined the reports were deficient.

Following a hearing, the trial court denied Sierra's objections and its motion to dismiss. By separate order, the court found elements of the reports deficient and granted a thirty-day extension to cure deficiencies.

## INTERLOCUTORY JURISDICTION

Sierra contends we have interlocutory jurisdiction despite the fact that the trial court granted a thirty-day extension. This issue has been recently addressed by the Texas Supreme Court.

### *The Statute*

In a healthcare liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with *curriculum vitae* of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. Tex.Civ.Prac. & Rem.Code Ann. § 74.351(a)(Vernon Supp.2007).

If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to subsection (c), enter an order that:

(1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

(2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

Tex.Civ.Prac. & Rem.Code Ann. § 74.351(b). If an expert report has not been timely served because elements of the report are deficient, the court may grant one thirty-day extension to the claimant in order to cure the deficiency. Tex.Civ.Prac. & Rem. Code Ann. § 74.351(c).

An expert report is defined as "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." Tex.Civ.Prac. & Rem.Code Ann. § 74.351(r)(6). A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent

---

(from traumatic injury, excessive exertion, heat-stroke) that is accompanied by the release of muscle cell contents (myoglobin and potassium) into the bloodstream. The release of these products can result in hypovolemia, hyperkalemia, and acute renal failure.

an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6). Tex.Civ.Prac. & Rem. Code Ann. § 74.351(*l*). A defendant may pursue an interlocutory appeal from an order that denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not taken from an order granting an extension under Section 74.351(c). *See* Tex.Civ.Prac. & Rem.Code Ann. § 51.014(a)(9)(Vernon Supp.2007).

### The Argument

Sierra contends the expert reports here constitute no report at all because neither Butterbaugh report nor Bradley's report mentions Sierra in any substantive way, sets forth the applicable standard of care as to Sierra, discusses the ways Sierra breached the standard of care, or provides a causal connection between Sierra and the decedent's injuries. Sierra also maintains that Medina's report fails to meet the statutory requirements because she cannot offer an expert opinion as to causation, her opinion as to the standard of care is predicated upon the assumption that Sierra's nurses should have made their own medical diagnoses, and she is not qualified to be an expert.

### The Supreme Court Weighs In

On November 30, 2007, the Supreme Court issued its opinion in *Ogletree and Heart Hospital of Austin v. Matthews,* 262 S.W.3d 316 (Tex.2007). There, the court specifically considered whether a defendant may immediately appeal when a trial court both denies a motion to dismiss and grants the plaintiff a thirty-day extension to cure expert reports that although served timely, were deficient. The plaintiffs filed suit against Dr. Ogletree, a urologist, and Heart Hospital of Austin. They timely filed expert reports from a radiologist and three nurses. Dr. Ogletree objected that a radiologist was incapable of offering an opinion on a urologist's standard of care and that no *curriculum vitae* had been appended. He also objected to the nurses' reports. The hospital did not object within the statutory time frame but filed a motion to dismiss nonetheless. It claimed precisely what Sierra claims here—that because the nurses' reports lacked a physician's opinion on causation, they were not merely deficient, but nonexistent.

The trial court determined that the radiologist's report was deficient, but it denied Dr. Ogletree's motion and granted a thirty-day extension. It also denied the hospital's motion, finding that the nurses' reports implicated the hospital's conduct and that the hospital's failure to timely object waived any complaint. The court of appeals dismissed Dr. Ogletree's interlocutory appeal for want of jurisdiction. It affirmed the trial court's denial of the hospital's motion since the hospital had failed to timely object.

Before the Supreme Court, Dr. Ogletree contended that since a radiologist could not opine upon the standard of care for a urologist, no report was served that met the definition of an "expert report." Because no report was served, he claimed that the trial court had no discretion to grant an extension of time and that the denial of his motion to dismiss was thus appealable. The court rejected this assertion, noting, "That is not how the Legislature drafted the statute." *Id.* 262 S.W.3d at 319.

> Indeed, the Legislature recognized that not all initial timely served reports would satisfy each of the statutory criteria. As a result, the amendments explicitly give trial courts discretion to grant a thirty day extension so that parties may, where possible, cure deficient reports.

*Id.* Thus, a *deficient* report differs from an *absent* report. *Id.* When a report has

been served and the trial court both denies a motion to dismiss and grants an extension of time, the rulings are inseparable. *Id.* 262 S.W.3d at 321. An order granting an extension of time, even when coupled with an order denying a motion to dismiss, is not subject to appellate review. *Id.* "No interlocutory appeal is permitted when a served expert report is found deficient and an extension of time granted." *Id.* 262 S.W.3d at 322.

*Application of Ogletree*

Here, Gomez timely served Sierra with three expert reports. Nurse Medina's report directly implicates Sierra by explaining what nursing standards were breached. Although the reports from Dr. Butterbaugh and Dr. Bradley do not specifically address causation,. the trial court determined the reports were deficient rather than non-existent. *See Austin Heart P.A. v. Webb*, 228 S.W.3d 276, 284 (Tex.App.-Austin 2007, no pet.)(a report that is deficient because the link between the doctor's conduct and the expert's conclusions was not expressly stated constitutes some report as to the doctor, albeit an insufficient one). Because Sierra received timely reports, the trial court could properly exercise its discretion in granting a thirty-day extension to cure the deficiencies. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 74.351(c); *Padilla v. Loweree*, 242 S.W.3d 544, 547–48 (Tex.App.-El Paso 2007, no pet.). Consequently, we dismiss the appeal for want of jurisdiction.

GOMEZ, J., sitting by assignment.

BARAJAS, C.J. (Ret.), sitting by assignment.