

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBER 13-07-00674-CV

JOHN D. MCKEEVER, M.D.
AND CHRISTIAN EHRHARD,                                    Appellants,

v.

ADRIAN CERNY,                                             Appellee.

### On Appeal from the 319th District Court
### of Nueces County, Texas.

## NUMBER 13-07-00734-CV

## IN RE: CHRISTIAN EHRHARD AND JOHN D. MCKEEVER, M.D.

### On Petition for Writ of Mandamus.

# OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Opinion by Chief Justice Valdez**

Christian Ehrhard, co-appellant/relator, brings a parallel interlocutory appeal and mandamus proceeding complaining of the trial court's order denying his motion to dismiss the health care liability claims of Adrian Cerny, appellee/real party in interest. John McKeever, M.D., co-appellant, also brings an interlocutory appeal based on the same order. We dismiss the interlocutory appeals for want of jurisdiction and deny the petition for writ of mandamus.

## I. BACKGROUND

Cerny filed suit against Ehrhard, a physician's assistant, and McKeever, an orthopedic surgeon, after complications developed following a knee surgery that McKeever performed on April 6, 2005. In his original petition, Cerny alleges that after his surgery he experienced pain, swelling, and drainage from his knee. He contacted McKeever's office, but he was directed to Ehrhard. On April 23rd and April 28th, Cerny was seen by Ehrhard, who allegedly assured him that everything looked well. After his April 28th office visit with Ehrhard, Cerny's condition continued to worsen and he was admitted to Christus Memorial Hospital; McKeever performed a second surgery on April 29th. Cerny filed suit against Ehrhard and McKeever alleging a health care liability claim under chapter 74 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001–.507 (Vernon 2005 & Supp. 2007).

Cerny filed an expert report by Gregory Harvey, M.D. concerning Cerny's condition. The report, in relevant part, states:

> As you know, the patient initially was taken to surgery on 4-6-05 by Dr. John McKeever. He had arthroscopy performed to the left knee with a medial meniscectomy. He evidently was doing well until about 4-23-05 when a dog fell on his knee. He subsequently had a persistent effusion with fever and chills. He was subsequently placed on oral antibiotics and then had an

2

aspiration performed in the office on 4-25-05.  Due to persistent problems in the knee, he underwent open irrigation and debridement on 4-29-05.

\* \* \* \*

My main concerns with this case relate to the patient's delay in operative treatment from 4-23-05 to 4-29-05.  Certainly, with the patient's symptoms of large effusion, pain, and fever, a diagnosis of septic arthritis should be considered until proven otherwise.  The usual course of action is to urgently take the patient back to the operating room after cessation of antibiotics and perform an irrigation and debridement of the knee.

The report never named Ehrhard.

McKeever and Ehrhard responded to the report by filing a motion to dismiss, citing the report's alleged inadequacy.  The trial court found the report deficient, but denied the motion to dismiss, and granted a thirty-day extension to cure any defects.  TEX. CIV. PRAC. & REM. CODE ANN. 74.351(a),(c) (Vernon Supp. 2007).  The instant interlocutory appeals and original proceeding ensued.

## II. NO INTERLOCUTORY JURISDICTION

Ehrhard asserts interlocutory jurisdiction through section 54.014(a)(9) of the civil practice and remedies.  *Id.* at § 54.014(a)(9) (Vernon Supp. 2007).  That section provides for interlocutory appeal from an order that "denies all or part of the relief sought by a motion under Section 34.351(b), *except that an appeal may not be taken from an order granting an extension under Section 74.351*."  *Id*. (emphasis added).  Ehrhard and McKeever argue that the expert report tendered by Cerny is so deficient that it does not constitute an expert report and that the trial court was therefore obligated to dismiss Cerny's claims without granting an extension.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (Vernon Supp. 2007).

To support his argument that the deficiency is severe enough to create interlocutory

3

jurisdiction, Ehrhard cites *Bogar v. Esparza*, No. 03-07-00037-CV, 2007 Tex. App. LEXIS 5088, at *10 (Tex. App.–Austin Jun. 28, 2007, no pet.). *Bogar* was a medical malpractice case in which the probate court found the plaintiff's expert report sufficient and denied the defendant's motion to dismiss. *Id*. at *10. No thirty-day extension was granted, and an interlocutory appeal was taken from the probate court's final decision regarding the sufficiency of the expert report. *Id*.

Ehrhard's reliance on *Bogar* to support interlocutory jurisdiction is misplaced because in the instant case a thirty-day extension has been granted. The *Bogar* court even acknowledges that "'where there is no timely expert report because the report or reports were found deficient,' an interlocutory appeal would be available 'when the court had denied a defendant's motion [under section 74.351(b)] *but had not granted the plaintiff additional time to cure deficiencies*.'" *Id*. at *11-12 (quoting *Academy of Oriental Med., L.L.C. v. Andra*, 173 S.W.3d 184, 184 n.7 (Tex. App.–Austin 2005, no pet.) (emphasis added).

McKeever makes the same jurisdictional argument as Ehrhard—that this court has interlocutory appellate jurisdiction because the report is so deficient that it constitutes no report. McKeever's authority in support of his jurisdictional argument is the general proposition that "an extension under section 74.351(c) is not available if the expert report is not served by the deadline." *See Valley Baptist Med. Ctr. v. Agua*, 198 S.W.3d 810, 815 (Tex. App.–Corpus Christi 2006, no pet.). In this case, a timely report was served, but it was found deficient.

As a general rule, only final judgments are appealable. *See* TEX. CIV. PRAC. & REM.

4

CODE ANN. § 51.012 (Vernon 1997); *Stolhandske v. Stern*, 14 S.W.3d 810, 813 (Tex. App.–Houston [1st Dist.] 2000, pet. denied). One exception is an interlocutory order "[denying] all or part of the relief sought by a motion under [Texas Civil Practice and Remedies Code] Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9). However, this subsection must be strictly construed as a narrow exception to the general rule that only final judgments are appealable. *Thoyakulathu v. Brennan*, 192 S.W.3d 849, 851 n.2 (Tex. App.–Texarkana 2006, no pet.).

The Texas Supreme Court, in *Ogletree v. Matthews*, clearly decided the instant jurisdictional issue against Ehrhard and McKeever's position. *See Olgetree v. Matthews*, No. 06-0502, 2007 Tex. LEXIS 1028, at *16 (Tex. Nov. 30, 2007) (providing that "no interlocutory appeal is permitted when a served expert report is found deficient and an extension of time granted"); *see also Watkins v. Jones*, 192 S.W.3d 672, 674 (Tex. App.–Corpus Christi 2006, orig. proceeding) (concluding that a petition for writ of mandamus is the appropriate means to address abuses of discretion in the granting thirty-day extension to file a proper expert report).

While a trial court may deem a report deficient, it retains discretion to grant a thirty-day extension, and the legislature explicitly decided that such orders are not appealable. *Olgetree*, 2007 Tex. LEXIS 1028, at *13-14. "Thus, if a deficient report is served and the trial court grants a thirty-day extension, that decision—even if coupled with a denial of a motion to dismiss—is not subject to appellate review." *Id.* at *13. Therefore, because the trial court's order denied Ehrhard and McKeever's motion to dismiss but also granted Cenry

an extension of time to cure his deficient report, the order is not appealable. *Id*. Consequently, we are without jurisdiction on the interlocutory appeals and will review the trial court's order by mandamus.

### III. REVIEW OF MANDAMUS PETITION

Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Moreover, there must be no other adequate remedy at law. *Id.* In a health care liability claim, the plaintiff must file an expert report that fulfills certain statutory requirements within 120 days of filing suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). If the report is inadequate as filed because elements of the report are found deficient, the trial court may grant one thirty-day extension to the plaintiff in order to cure the deficiency. *Id.* at § 74.351(c).

In this case, Cerny filed an expert report that the trial court found deficient. Ehrhard argues that the status of the report was so deficient as to not constitute an expert report under the statute whatsoever, and thus, the trial court could not have properly granted the thirty-day extension.

We disagree with Ehrhard's argument that the trial court was without discretion to grant a thirty-day extension because the report was so severely deficient. To the contrary, the current statute gives a trial court broad discretion to grant an extension. *In Re Covenant Health System*, 223 S.W.3d 423, 427 (Tex. App.–Amarillo 2006, orig. proceeding) (providing that unlike the extension provisions under former health care liability claims statute, the current statute omits terms such as "good cause," "accident," or "mistake" in vesting the trial court with discretion to grant an extension). We conclude that

6

the trial court did not commit a clear abuse of discretion in allowing Cerny's expert report to be amended in order to cure any deficiency. Given that no clear abuse of discretion is shown, we may not grant Ehrhard's petition for writ of mandamus.

## IV. CONCLUSION

Ehrhard's and McKeever's interlocutory appeals in cause number 13-07-734-CV are dismissed for want of jurisdiction and the petition for writ of mandamus is denied.

_____
ROGELIO VALDEZ,
Chief Justice

Opinion delivered and filed
this the 27th day of March, 2008.