Opinion issued November 5, 2009












            
            
            
            







In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00644-CV
____________

MICHAEL W. MORRIS, M.D., Appellant

V.

MARY UMBERSON, Appellee
 

 
 
On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2008-69871
 

 
 
O P I N I O N
In this interlocutory appeal,


 appellant, Michael W. Morris, M.D., challenges
the trial court’s order denying his motion to dismiss the health care liability claim of
appellee, Mary Umberson. In two issues, Dr. Morris contends that the trial court
erred in not dismissing Umberson’s claim for failure to serve an expert report within
120 days of filing suit


 and in granting Umberson a thirty-day extension to cure
deficiencies in her late served expert report that was “fundamentally deficient and,
consequently, represented no report at all.” Umberson has filed in this Court a
motion to dismiss Dr. Morris’s interlocutory appeal for lack of jurisdiction.
We dismiss the interlocutory appeal.
Background
On November 21, 2008, Umberson filed her health care liability claim alleging
that Dr. Morris was negligent in attempting to “insert a port-a-cath chemotherapy port
as a part of her chemotherapy and radiotherapy treatment.” She alleges that Dr.
Morris undertook a mode of treatment that “a reasonable and prudent member of the
medical profession would not have taken under the same or similar circumstances.” 
Dr. Morris was served with citation on December 9, 2008, and his answer was due
on January 5, 2009.  However, he did not timely answer. On February 6, 2009,
Umberson filed with the trial court Dr. Ahsan Ali’s expert report and curriculum
vitae, but she did not serve it on Dr. Morris, who still had not answered.
On April 30, 2009, Umberson filed a “Motion for Interlocutory Default
Judgment as to Liability Only,” and on May 7, 2009, Dr. Morris filed his answer. He
then filed his response to Umberson’s motion on May 8, 2009. On May 11, 2009,
Umberson served Dr. Morris the expert report of Dr. Ahsan Ali and his curriculum
vitae.
In his report, Dr. Ali reviewed the history of the incident and Umberson’s prior
health, discussed the applicable standard of care for placement of a central venous
catheter, or port-a-cath, explained how Dr. Morris breached that standard of care, and
assigned cause for Umberson’s injury to Dr. Morris’s failure to meet the standard of
care.
Dr. Morris moved to dismiss Umberson’s claim on the ground that she had not
timely served him with a copy of her expert report, and he also objected to the
sufficiency of the report. The trial court denied Dr. Morris’s motion, but, finding that
the expert report was deficient as to causation, granted Umberson a thirty-day
extension to cure the deficiency. Dr. Morris then filed this interlocutory appeal
challenging the trial court’s order denying his motion and granting Umberson a thirty-day extension to cure.Interlocutory AppealAt the outset, we must determine whether we have jurisdiction over this
interlocutory appeal. Umberson argues that this Court lacks jurisdiction over the
appeal because “[Dr. Morris] filed it before the deadline to supplement the expert
report expired.” Umberson asserts that the trial court denied Dr. Morris’s motion to
dismiss and granted her a thirty-day extension to cure deficiencies in her report. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (Vernon 2008).
If a trial court has not entered a final and appealable order, we have jurisdiction
to hear an interlocutory appeal only if authorized by statute. Stary v. DeBord, 967
S.W.2d 352, 352–53 (Tex. 1998). Section 51.014(a)(9) provides, 
A person may appeal from an interlocutory order of a district court,
county court at law, or county court that denies all or part of the relief
sought by a motion under Section 74.351(b), except that an appeal may
not be taken from an order granting an extension under Section 74.351. 
 
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9). Section 74.351, in pertinent
part, provides:
(a)     In a health care liability claim, a claimant shall, not later than the
120th day after the date the original petition was filed, serve on
each party or the party’s attorney one or more expert reports, with
a curriculum vitae of each expert listed in the report for each
physician or health care provider against whom a liability claim
is asserted. The date for serving the report may be extended by
written agreement of the affected parties. Each defendant
physician or health care provider whose conduct is implicated in
a report must file and serve any objection to the sufficiency of the
report not later than the 21st day after the date it was served,
failing which all objections are waived.
 
(b)     If, as to a defendant physician or health care provider, an expert
report has not been served within the period specified by
Subsection (a), the court, on the motion of the affected physician
or health care provider, shall, subject to Subsection (c), enter an
order that:
 
          (1)     awards to the affected physician or health care provider
reasonable attorney’s fees and costs of court incurred by
the physician or health care provider; and
 
          (2)     dismisses the claim with respect to the physician or health
care provider, with prejudice to the refiling of the claim.
 
(c)     If an expert report has not been served within the period specified
by Subsection (a) because elements of the report are found
deficient, the court may grant one 30-day extension to the
claimant in order to cure the deficiency. If the claimant does not
receive notice of the court’s ruling granting the extension until
after the 120-day deadline has passed, then the 30-day extension
shall run from the date the plaintiff first received the notice.
 
Id. § 74.351(a)–(c) (Vernon 2008).
 
An expert report may be deemed untimely filed under section 74.351(a) if it is
served before the 120-day deadline, but is deficient. CHCA Mainland L.P. v.
Burkhalter, 227 S.W.3d 221, 225 (Tex. App.—Houston [1st Dist.] 2007, no pet.); see
Ogletree v. Matthews, 262 S.W.3d 316, 320–21 (Tex. 2007). In its discretion, a trial
court may then grant one thirty-day extension to cure defects. Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(c). A defendant may not appeal from an order denying
his motion to dismiss if the trial court also grants such an extension. Id. §
51.014(a)(9). This allows “plaintiffs the opportunity to cure defects in existing
reports. If a defendant could immediately appeal the denial of his motion to dismiss,
the court of appeals would be reviewing the report’s sufficiency while its deficiencies
were presumably being cured in the trial court.” Badiga v. Lopez, 274 S.W.3d 681,
684 (Tex. 2009). However, a trial court has no discretion to grant an extension if no
report is filed by the deadline, and a defendant may properly appeal an order denying
his motion and granting such an extension. Id.
Timely Service of the Expert Report
Dr. Morris first argues that this Court has jurisdiction over his interlocutory
appeal because the trial court abused its discretion in denying his motion to dismiss
and in granting Umberson a thirty-day extension to file a sufficient expert report. He
asserts that Umberson “fail[ed] to serve an expert report within the time allotted by
Tex. Civ. Prac. & Rem. Code Ann. 74.351.” Dr. Morris further argues that because
no report was timely served on him, the trial court did not have discretion to grant
Umberson an extension.
We review de novo the trial court’s conclusion that Dr. Morris, under section
74.351(a), was timely served with Umberson’s expert report. Univ. of Tex. Health
Sci. Ctr. at Houston v. Gutierrez, 237 S.W.3d 869, 871 (Tex. App.—Houston [1st
Dist.] 2007, pet. denied).
Umberson argues that her expert report was timely served on May 11, 2009,
because the statutory period was tolled during the time between the date Dr. Morris’s
answer was due, January 5, 2009, and the date he actually filed his answer, May 7,
2009. In support of her argument, Umberson relies on Gardner v. U.S. Imaging, Inc.,
274 S.W.3d 669, 671–72 (Tex. 2008) (per curiam). 
In Gardner, the plaintiffs, on August 24, 2006, filed a medical malpractice
action against the doctor and the facility where the doctor performed the procedure
about which the plaintiffs complained. Id. at 670. The doctor timely answered and
the plaintiffs timely served him with an expert report. Id. The facility did not answer
and before the 120-day period for serving the expert report expired on December 22,
2006, the plaintiffs moved for a default judgment. Id. The plaintiffs did not serve the
facility with an expert report before that date. Id. The trial court granted the default
judgment on December 14, 2006, and severed the suit against the facility. Id. Upon
learning of the judgment, the facility filed a motion for new trial to set aside the
default judgment, which the trial court granted on February 8, 2007. Id. The
plaintiffs non-suited the facility in the severed suit, and the facility then answered the
original suit on February 12, 2007. Id. On March 20, 2007, the plaintiffs served the
facility with their expert report. Id. The facility, relying on section 74.351(b), moved
to dismiss the claim asserting that the report was non-compliant. Id. The trial court
denied the motion, and the facility appealed. Id. The court of appeals, finding the
report deficient, remanded the claim to the trial court for a determination of attorney’s
fees only in favor of the facility. Id. The plaintiffs filed a motion for rehearing
asserting that the court of appeals should also have remanded to have the trial court
consider granting a thirty-day extension to cure. Id. at 671. The motion was denied.
Id.
In the Texas Supreme Court, the facility argued that the expert report was not
timely served because it was not served by December 22, 2006, the end of the
statutory 120-day period. Id. The plaintiffs contended that the statutory period was
tolled when the facility defaulted and failed to answer. Id. The supreme court agreed
with the plaintiffs and held that “when [the facility] failed to timely answer the
[plaintiffs’] suit by the Monday following the expiration of twenty days after it was
served, see Tex. R. Civ. P. 99(b), the statutory period for serving [the facility] with
an expert report was tolled until such time as [the facility] made an appearance.” Id. 
(emphasis added). The court determined that “[o]nce the default judgment was set
aside and [the facility] filed an answer, tolling ended and the [plaintiffs] had 100 days
remaining in which to serve [the facility] with an expert report. [The facility] filed
an answer in the original suit on February 12, and the [plaintiffs] served it with an
expert report on March 20, well within the remaining statutory period.” Id. 
(emphasis added). 
Dr. Morris argues that the statutory period was not tolled because, unlike in
Gardner, Umberson filed a motion for default judgment, which had not been granted. 
However, as noted above, the triggering event in Gardner for the tolling of the
statutory period was not the granting of the default judgment, but rather the
defendant’s failure to timely answer. Id. The tolling ended in Gardner when the
facility answered, not when the default judgment was set aside. Id. That the trial
court had granted a default judgment was not dispositive to the supreme court’s
holding.
We hold that the statutory period for Umberson to serve her expert report on
Dr. Morris was tolled until May 7, 2009, the date Dr. Morris answered. Dr. Morris
untimely answered on May 7, 2009. The statutory period for timely serving the
expert report was tolled until that date. Umberson had seventy-five days remaining
until July 21, 2009, to serve her expert report on Dr. Morris (120 days less 45 days
that had already elapsed from date of filing to date that Dr. Morris’s answer was due). 
Accordingly, we further hold that Umberson’s expert report was timely served on Dr.
Morris on May 11, 2009.
We overrule Dr. Morris’s first issue.
Adequacy of Expert Report
Dr. Morris next argues that because “the report submitted by Dr. Ahsan Ali
completely omits any intelligent discussion of causation and, necessarily, is
tantamount to serving no report at all,” the trial court did not have discretion to grant
Umberson a thirty-day extension to cure. See Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351. He further argues that this Court has jurisdiction over this interlocutory
appeal because it is an appeal from an order of dismissal only, not an order of
dismissal coupled with a valid order for an extension to cure. See Id. § 51.014(a)(9).
In Ogletree, the healthcare defendant argued to the Austin Court of Appeals
that although the plaintiffs had timely served an expert report, they had “failed to file
an expert report as to [his] alleged malpractice” and, thus, the trial court had no
discretion to grant an extension. Heart Hosp. of Austin v. Matthews, 212 S.W.3d 331,
333 (Tex. App.—Austin 2006), aff’d, Ogletree v. Matthews, 262 S.W.3d 316 (Tex.
2007). Without expounding on the contents of the expert report, the Austin Court of
Appeals held that it lacked jurisdiction under section 51.014(a)(9) because the trial
court had found the “reports were deficient as to [the healthcare defendant]” and, in
its order, both denied the healthcare defendant’s motion to dismiss and granted an
extension under section 74.351(c). Id. at 335.
In reviewing the Austin Court of Appeals holding, the Texas Supreme Court
explained:
If [the healthcare defendant’s] position were correct, a defendant would
be entitled to immediately appeal a trial court’s order denying dismissal
any time a report failed to meet the strict statutory guidelines, even
though the statute permits a plaintiff to cure defects of that nature . . . If
a defendant could immediately appeal, the court of appeals would
address the report’s sufficiency while its deficiencies were presumably
being cured at the trial court level, an illogical and wasteful result.
 
Ogletree, 262 S.W.3d at 321. Even though the report did not mention the healthcare
defendant by name, the supreme court held, “[b]ecause a report that implicated [the
healthcare defendant’s] conduct was served and the trial court granted an extension,
the court of appeals could not reach the merits of the motion to dismiss,” and “the
court of appeals correctly determined that it lacked jurisdiction over [the healthcare
defendant’s] appeal.” Id.
Since Ogletree, many healthcare defendants have argued that courts of appeal
have interlocutory jurisdiction under section 51.104(a)(9), even when a trial court
enters an order denying a motion to dismiss which includes a section 74.351(c) order
granting an extension, because if a timely served report is “so deficient that it [is] no
report,” the trial court has no discretion to grant a thirty-day extension. In McKeever
v. Cerny, two doctors appealed an order granting an extension and made such an
argument. 266 S.W.3d 451, 454 (Tex. App.—Corpus Christi 2008, no pet.). The
report mentioned one doctor but not the other, and both doctors asserted that the
report was “so deficient that it [did] not constitute an expert report.” Id. Though
noting the report did not name one of the doctors, the Corpus Christi Court of
Appeals rejected the doctors’ argument and, citing Ogletree, held that it lacked
jurisdiction over both interlocutory appeals because the order denying their motions
to dismiss included an order granting an extension. Id. at 455. 
In Nexion Health at Oak Manor, Inc. v. Brewer, the healthcare defendant
asserted that the plaintiff’s expert report did not address causation and was not merely
deficient but no report at all. 243 S.W.3d 848, 851 (Tex. App.—Tyler 2008) (opinion
on rehearing), rev’d on other grounds, In re Buster, 275 S.W.3d 475 (Tex. 2008). 
The Tyler Court of Appeals determined that “[b]ecause [the healthcare defendant’s]
complaint relates to the content of the report . . . the report is deficient, but the
deficiency does not render it ‘no report at all.’” Id. Therefore, the trial court had
discretion to order an extension thus depriving the court of jurisdiction to hear the
interlocutory appeal. Id. at 851–52.
The Houston Fourteenth, Fort Worth, El Paso, and Dallas Courts of Appeal
have all held that they lack jurisdiction to hear an interlocutory appeal when a trial
court grants an extension to cure timely served expert reports that healthcare
defendants assert are “no report” as to them. Baylor Coll. of Med. v. Pokluda, 283
S.W.3d 110, 115–16 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding no
jurisdiction when trial court granted extension because it found deficiency even
though it was not same deficiency complained of by appellant in his motion to
dismiss); Scoresby v. Santillan, 287 S.W.3d 319, 321–24 (Tex. App.—Fort Worth
2009, pet. filed) (holding no jurisdiction when trial court granted extension even
though appellants argued expert report was “so woefully deficient” on necessary
elements so as to constitute no report and report was missing expert’s curriculum
vitae); Tenet Hosp., Ltd. v. Gomez, 276 S.W.3d 9, 12–13 (Tex. App.—El Paso 2008,
no pet.) (holding no jurisdiction where appellant argued report was no report because
it failed to mention appellant in “any substantive way,” but trial court found report
was merely deficient on element of causation as to appellant and granted extension).
In support of his argument that this Court has jurisdiction to hear his
interlocutory appeal, Dr. Morris relies on Garcia v. Marichalar, 185 S.W.3d 70, 74
(Tex. App.—San Antonio 2005, no pet.); Maxwell v. Siefert, 237 S.W.3d 423, 427–28
(Tex. App.—Houston [14th Dist.] 2007, pet. denied); Bogar v. Esparza, 257 S.W.3d
354, 364–69 (Tex. App.—Austin 2008, no pet.); and RGV Healthcare Associates, Inc.
v. Estevis, No. 13-08-00113-CV, 2009 WL 1886889, at *3–4 (Tex. App.—Corpus
Christi Jul. 02, 2009, no pet.). However, all of these case are substantially different
from the instant case. 
Marichalar involved an appeal from an order denying a motion to dismiss that
did not include an order granting an extension. 185 S.W.3d at 72. There, the expert
report did not even mention the healthcare defendant. Id. The court held that it had
jurisdiction under section 51.014(a)(9) because no extension was included in the
order and the trial court could not properly grant an extension because no report had
been served as to the healthcare defendant. Id. at 74. 
Maxwell involved the appeal of an order granting the healthcare defendant’s
motion to dismiss. 237 S.W.3d at 425. There, the plaintiff had served on the
healthcare defendant medical records rather than the required expert report. Id. 
Because no expert report had been served by the deadline, the court held the trial
court correctly denied the plaintiff an extension. Id.
Bogar involved an order denying a motion to dismiss that did not include an
order granting an extension. 257 S.W.3d at 361. The plaintiffs had served an expert
report that “[did] not identify in any way the person or persons whose conduct is the
subject of any of [the expert’s] opinions regarding standard of care, causation and
death.” Id. at 364. The court found the report to be no report as to the healthcare
defendant because it did not implicate him in any way. Id. at 368. Since the plaintiffs
could “‘cure’ the deficiencies . . . only by ‘generating a new, previously nonexistent
report’ as to [the healthcare defendant],” the court held the plaintiffs were ineligible
for an extension. Id. at 369.
Estevis involved an appeal from an order denying the health care defendant’s
motion to dismiss. 2009 WL 1886889, at *3. The defendant argued that the expert
report did not support the plaintiff’s direct liability theory because the report did not
identify the defendant by name or state how the defendant had breached the standard
of care. Id. at *4. On that basis, the court found that the trial court had abused its
discretion in denying the defendant’s motion to dismiss as to the plaintiff’s direct
liability theory. Id.; see also Univ. of Tex. Med. Branch v. Railsback, 259 S.W.3d
860, 864 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding that expert report
failed to implicate defendant in context of plaintiff’s direct liability theory and, thus,
trial court had no discretion to grant extension but only to dismiss).
None of the cases on which Dr. Morris relies involves an order, like the order
here, denying a motion to dismiss and granting an extension to cure. This case is not
like Marichalar, Bogar, and Estevis where the served reports failed to even mention
the healthcare defendants in the capacity in which they were sued. Here, as in
McKeever, Brewer, Pokluda, Scoresby, and Gomez, Umberson timely served Dr.
Morris with an expert report that implicated Dr. Morris directly. Dr. Ali’s report
specifically named Dr. Morris, discussed the standard of care, explained how Dr.
Morris’s actions breached that standard, and addressed causation. Finally, this case
is not like Maxwell where the plaintiff served medical records in lieu of an expert
report. Here, Umberson timely served an actual expert report with all the required
section 74.531(r)(6) elements, but the trial court found the report to be deficient as
to causation.
At first blush, this case appears similar to Rivenes v. Holden in which the
Fourteenth Court of Appeals held that the trial court had no discretion to grant an
extension and, thus, the court had jurisdiction under section 51.014(a)(9) over the
appeal. 257 S.W.3d 332, 340–41 (Tex. App.—Houston [14th Dist.] 2008, pet.
denied) (opinion on rehearing). In Rivenes, the plaintiffs timely served an expert
report, but the report did not mention or discuss the healthcare defendant and his
alleged negligence. Id. at 334–35. The trial court denied the healthcare defendant’s
motion to dismiss and granted an extension. Id. at 339–40. The court of appeals
concluded that the presumed report was in fact “no report” as to the healthcare
defendant. Id. Although both Rivenes and this case involve an order denying a
motion to dismiss and granting an extension, Rivenes involved a Marichalar-type
situation where the timely served report was nonetheless “no report” as to the
healthcare defendant because the report failed to mention the healthcare defendant. 
Here, Dr. Morris, in support of his contention that “no report” has been filed, asserts
that Dr. Ali’s report “completely omits the required discussion of causality [such that]
it is tantamount to having filed no report at all” and “falls woefully short of a good
faith effort as to the essential element of causation.” However, Dr. Ali’s report
implicated Dr. Morris’s conduct, and, thus, it was not, as in Rivenes, “no report” as
to Dr. Morris. 
Dr. Morris is essentially asking us to label as “no report” a timely served expert
report that expressly implicates Dr. Morris, but which he asserts is deficient and
woefully inadequate as if it is “no report.” This we cannot do. As the court said in
Scoresby:
[w]hether or not the court in Ogletree intended to “limit[ ] the universe
of possible reports” to absent reports and deficient reports, that is the
limitation we reasonably construe from the opinion’s analysis. At
present, neither Ogletree, nor any other supreme court opinion holds that
a timely served expert report containing a narrative that fails to include
any expert opinion on the standard of care, breach, or causation is
tantamount to no report at all and thus ineligible for any section
74.315(c) extension.
 
287 S.W.3d. at 324. Here, Dr. Ali’s report is an existing expert report, which
contained all the required section 74.351(r)(6) elements. It was timely served, and
the trial court determined it to be deficient only in its discussion of causation. We can
not agree that the report is so deficient as to constitute no report at all. Even if it were
so inadequate, the Texas Supreme Court has clearly explained that when a timely
served expert report that implicates a healthcare defendant has been found deficient
and an order granting an extension has been entered, section 51.014(a)(9) deprives
the courts of appeal of jurisdiction over an interlocutory appeal of the order. 
Ogletree, 262 S.W.3d at 321. Accordingly, we hold that the trial court did not err in
granting Umberson a thirty-day extension to cure Dr. Ali’s timely served but deficient
expert report.We overrule Dr. Morris’s second issue.
Conclusion
Because section 51.014(a)(9) plainly prohibits interlocutory appeals of orders
granting extensions, we agree with Umberson that Dr. Morris’s appeal is premature
and hold that we lack jurisdiction over this appeal. Accordingly, we dismiss Dr.
Morris’s interlocutory appeal for lack of jurisdiction.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Publish. Tex. R. App. P. 47.2(a).