Opinion issued May 24, 2012.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-12-00017-CV

———————————

thomas l. davies, m.d., Appellant

V.

crystal
flores and jessie flores, individually and as next friends of j.r., a minor, Appellees



 



 

On Appeal from the 270th District Court

Harris County, Texas



Trial Court Case No. 2011-30120

 



MEMORANDUM OPINION

Thomas L. Davies, M.D. appeals from the
trial court’s order overruling his objections to an expert report filed in a health
care liability action against him. Because we conclude that Section 51.014(a)
of the Civil Practices and Remedies Code (CPRC) does not authorize
interlocutory appeal from the trial court’s order, we dismiss the appeal for
lack of jurisdiction.

Background

          Crystal Flores gave birth to her son,
Joshua, at a Memorial Hermann Health Care Systems hospital in Northwest
Houston. Dr. Raymond Miro delivered Joshua. During
the delivery, Dr. Miro and other members of the
hospital staff took measures to manage a shoulder dystocia. Crystal and her
husband brought this action against Memorial Hermann and Dr. Miro, alleging that they were negligent in treating the
shoulder dystocia, resulting in a brachial plexus injury to Joshua. On August
31, 2011, the Floreses amended their pleadings to add Dr. Davies, who was
Crystal’s obstetrician and gynecologist. 

Pursuant to Chapter 74 of the CPRC, the Floreses
served Davies with an expert report authored by Dr. William Roberts. On October
3, 2011, within twenty-one days after the Floreses served their expert report
on Davies, Davies filed
a document titled, “Defendant Thomas L. Davies, M.D.’s Objections to
Plaintiff’s Expert Report.” Davies complained that Dr. Roberts’s expert report
failed to establish Dr.
Roberts’s qualifications and did not constitute a good faith effort to explain
adequately the standard of care applicable to Davies, Davies’s breach of that
standard, or the causal connection between such a breach and Joshua’s injuries.
Davies did not move for dismissal
of the Floreses’ claims against him or for an award of attorney’s fees. On December 16, 2011, less than 120
days after the Floreses filed their claims against Davies, the trial court
overruled Davies’s objections to the Floreses’ expert report. [1]
This appeal ensued.[2]

Jurisdiction 

We must first determine whether we have jurisdiction to
consider the merits of this appeal. Jurisdiction is a question of law, which we
review de novo. State v. Holland,
221 S.W.3d 639, 642 (Tex. 2007). Texas appellate courts have jurisdiction to
review a trial court’s order by appeal if the order constitutes a final
judgment or if a statute authorizes an interlocutory appeal. Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001); Stary
v. DeBord, 967 S.W.2d 352, 352−53 (Tex.
1998). Because the trial court’s order is not a final judgment, we must
determine whether interlocutory appeal is authorized by statute. When reviewing
a statutory grant of interlocutory appellate jurisdiction, we look to the legislature’s
intent as expressed in the statute’s plain words. See Tex. A & M Univ.
Sys. v. Koseoglu, 233 S.W.3d 835, 840−41 (Tex. 2007).
We strictly construe statutes authorizing interlocutory appeal as “‘narrow
exception[s] to the general rule that only final judgments are appealable.’” Id. at 841 (quoting Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 355 (Tex.
2001)); see also Schlumberger Tech. Corp.
v. Baker Hughes Inc., 355 S.W.3d 791, 796 (Tex. App.—Houston [1st Dist.]
2011, no pet.). 

A.      Interlocutory
appeal from orders on expert reports in health care liability claims

 

The trial court’s order relates to an expert report in a health
care liability claim, which is governed by section 74.351 of the CPRC. See Tex.
Civ. Prac. & Rem. Code Ann. §74.351 (West
2011) (setting forth expert report requirements in health care liability
actions). Section 74.351 of the CPRC requires a health care liability claimant
to serve each party with an expert report containing certain information mandated
under the statute, within 120 days after filing an original petition. Id. § 74.351(a). Under subsection (b) of
the statute, if a health care liability claimant fails to file the required
report within 120 days—either because the claimant failed to file any expert
report or because the claimant filed an expert report that failed to comply
with the statute—a health care defendant may move for (1) an award of
attorney’s fees and costs incurred by the physician and (2) dismissal of the
claims against the physician with prejudice. Id. § 74.351(b)(1), (2); see Lewis v. Funderburk,
253 S.W.3d 204, 207–08 (Tex. 2008) (holding that subsection (b) contemplates
dismissal when expert report is timely filed but inadequate to satisfy statute
as well as when no expert report is filed). If the claimant failed to file any
expert report, the trial court must grant this relief. See Ogletree v. Matthews, 262 S.W.3d 316,
319−20 (Tex. 2007) (“If no report is served within the 120 day deadline
provided by 74.351(a), the Legislature denied trial courts the discretion to
deny motions to dismiss or grant extensions[.]”); see also Tex. Civ. Prac. & Rem. Code Ann. §74.351(b). A defendant
is not entitled to relief under subsection (b) until 120 days after the claims
against him are filed. See Lewis, 253 S.W.3d at 207. If the claimant filed a
timely-but-deficient expert report, the trial court may grant a thirty-day
extension of time to cure the deficiencies in the expert report pursuant to
subsection (c). Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b), (c). 

Subsection (l)
provides that a trial court “shall grant a motion challenging the adequacy of
an expert report only if it appears to the court, after hearing, that the
report does not represent an objective good faith effort to comply” with the
statute’s requirements for the content of an expert report. Id. § 74.351(l). 

The CPRC statutorily authorizes interlocutory appeals from
two types of orders relating to expert reports in health care liability claims:

·       
orders denying, in
whole or in part, a motion filed under subsection (b) of section 74.351,
exclusive of orders granting a thirty-day extension under subsection (c),[3]
and 

 

·       
orders granting a motion filed under subsection (l) of section 74.351.

 

Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(9), (10)
(West Supp. 2011). Thus, the CPRC authorizes interlocutory appeal from an order
on a subsection (b) motion only when the trial court denies relief (and does not grant a proper extension of time) and from
an order on a subsection (l) motion
only when the trial court grants relief.
See id.; Lewis, 253 S.W.3d at 207.

B.      The trial
court’s order did not deny relief requested pursuant to section 74.351(b)

 

Davies contends the order at issue falls under section
51.014(a)(9)—i.e., that the trial court’s order overruling his objections to
the Floreses’ expert report is an order that “denies all or part of the relief
sought by a motion under Section 74.351(b)[.]” Id. § 51.014(a)(9). The Floreses assert that the trial court’s
order does not deny relief sought by a motion under subsection (b) because
Davies’s motion did not request any of the relief provided for in subsection
(b)—attorney’s fees and dismissal with prejudice. See id. § 74.351(b). Davies responds that the trial court’s order
overruling his objections “implicitly denied his motion to dismiss by denying
the ground upon which the motion would be based.” We disagree with Davies’s
contention that the trial court’s order implicitly ruled on a motion to dismiss
that had not been filed, and we hold that section 51.014(a)(9) does not
authorize an interlocutory appeal from an order that does not deny any of the
relief addressed in section 74.351(b). 

In Lewis, the
Texas Supreme Court addressed a split in the courts of appeals over whether the
denial of a motion to dismiss of a health care liability claim on the ground
that the expert report was inadequate under section 74.351—as opposed to the
ground that no expert report was timely filed—constituted a denial of relief
under a subsection (b) motion, such that courts of appeals had jurisdiction over
an interlocutory appeal from the order denying relief. 253
S.W.3d at 206–08. Two courts of appeals had held that a motion
challenging the adequacy of a health care liability expert report was a motion
under subsection (l), rather than
subsection (b). See id. at 206. The Texas Supreme Court disapproved of those
opinions, holding that the phrase “if an expert report has not been served” in
subsection (b) included a situation when “an expert report has not been served
[within 120 days] because elements of the report are found deficient,” as
expressly contemplated by subsection (c). Id.
at 207−08. Thus, if a health care liability defendant moves for relief
under subsection (b), the denial of such relief is subject to interlocutory
appeal, regardless of whether the basis for the relief sought is the failure to
file a timely expert report or asserted deficiencies in a timely filed expert
report. See id. at
208.

In determining whether the motion denied by the trial court
constituted a motion for relief under subsection (b), the Lewis Court considered the relief requested in the motion: 

We disagree . . . that Dr. Lewis’s motion, which sought
dismissal and attorney’s fees, falls under subpart (l ). Only subpart
(b) provides for dismissal and fees. Subpart (l ) provides for
challenges to inadequate reports, but says nothing about dismissal or fees.
That is because some challenges—specifically those filed within the first 120
days—cannot seek dismissal or fees until the 120–day window has closed.
Only when that window has closed and no report has been filed can a defendant
move for dismissal and fees under subpart (b).

 

Id. at 207. Here, by contrast, Davies’s filing did not request
dismissal of the claims against him or an award of attorney’s fees. See Acad. of Oriental Med., L.L.C. v. Andra, 173 S.W.3d 184, 186 (Tex. App.—Austin 2005,
no  pet.) (holding that order denying
motion to strike expert report based on asserted deficiencies in report was not
denial of relief sought under section 74.351(b) because motion did not request
dismissal or attorney’s fees and noting that 120-day deadline had not passed at
time motion was filed). He therefore did not request relief under subsection
(b). See id.; see also Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b).

In fact, as contemplated by the Lewis Court, subsection (b) does not authorize relief for Davies at
the time he filed his objections because 120 days had not passed since the
Floreses filed their claims against Davies.[4]
See Lewis, 253 S.W.3d at 207; Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(b). Thus,
Davies seeks interlocutory review of an “implicit” ruling on a motion that he
had not filed and was not yet entitled to file under the statute. The Texas
Supreme Court has counseled against interlocutory review of a ruling on
asserted deficiencies in a health care liability claimant’s expert report when,
as here, the claimant may cure any asserted deficiencies after the ruling.[5]
See Ogletree, 262 S.W.3d at 321 (“If [the
defendant’s] position were correct, a defendant would be entitled to
immediately appeal a trial court’s order denying dismissal any time a report
failed to meet the strict statutory guidelines, even though the statute permits
a plaintiff to cure defects of that nature. . . . If a defendant could
immediately (and prematurely) appeal, the court of appeals would address the
report’s sufficiency while its deficiencies were presumably being cured at the
trial court level, an illogical and wasteful result.”); Scoresby v. Santillan, 346 S.W.3d 546, 556 (Tex. 2011) (“The Legislature could reasonably have determined that [section 74.351’s]  purpose is served by an interlocutory appeal
from the denial of a motion to dismiss for want of an adequate expert report,
but as we observed in Ogletree, permitting two such appeals—one
before the thirty-day cure period and one after—is simply wasteful.”); see also Badiga v. Lopez,
274 S.W.3d 681, 684 (Tex. 2009) (same).

          Because Davies did not request
dismissal of the claims against him or an award of attorney’s fees—the relief
authorized under section 74.351(b)—we conclude that the trial court’s order overruling
his objections did not “den[y] all or part of the relief sought by a motion
under Section 74.351(b),” under the plain meaning of those words. Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(9); see
Andra, 173 S.W.3d at 186. We therefore hold that
section 51.014(a)(9) of the CPRC does not grant this Court jurisdiction to
consider the merits of Davies’s appeal. See
id.

Conclusion

We hold that section 51.014 of the CPRC
does not authorize an interlocutory appeal from the trial court’s order. We
grant the Floreses’ motion to dismiss and dismiss
this appeal for lack of jurisdiction.

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Justices Bland, Massengale, and Brown.

 











[1]
          The other health care liability
defendants also objected to the adequacy of the Floreses’ expert report, and
the trial court overruled their objections as well. Those defendants have not
filed an interlocutory appeal from the trial court’s orders.





[2]
          The Floreses later filed a
supplemental expert report, to which Davies also objected. The order on appeal
does not address the supplemental report.





[3]           A
defendant is not entitled to interlocutory appeal from trial court’s denial of
a motion to dismiss a health care liability claim based on deficiencies in the
expert report if trial court grants a thirty-day extension of time to cure the
deficiencies pursuant to subsection (c). See Ogletree,
262 S.W.3d at 321; Morris v. Umberson, 312 S.W.3d 763,
767–71 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Subsection (c), however, does not
authorize an extension of time when no expert report has been filed, and
interlocutory appeal is available for an order denying dismissal and purporting
to grant an extension of time when no expert report was timely filed. See Scoresby v. Santillan,
346 S.W.3d 546, 555 (Tex. 2011); Badiga v. Lopez,
274 S.W.3d 681, 685 (Tex. 2009).





[4]
          The Floreses
note that, “had the trial court sustained Dr. Davies’s objections, [they] would
certainly have had the opportunity to provide another report.”





[5]           Davies
states that requiring him to file a motion to dismiss after the expiration of
120 days is “redundant” in light of the trial court’s overruling of his
objections. We note that the statute prescribes the procedure for challenging
an expert report and this procedure has been followed in other cases. HealthSouth of Houston, Inc. v. Parks, 329 S.W.3d 885, 888 (Tex.
App.—Beaumont 2010, pet. denied) (reversing trial court’s order denying motion
to dismiss based on inadequacy of health care liability claimant’s expert
report entered on motion filed after expiration of 120-day period when trial
court had, within 120-day period, overruled defendant’s objections to adequacy
of report); Walters v. Hudoba, No.
02-08-00196-CV, 2009 WL 161079, at *2 (Tex. App.—Fort Worth Jan. 22, 2009, no
pet.) (mem. op.) (affirming
trial court’s order denying motion to dismiss based on inadequacy of health
care liability claimant’s expert report entered on motion to dismiss filed
after expiration of 120-day period when trial court had, within 120-day period,
overruled defendant’s objections to adequacy of report). We also note that the
statutory requirement that defendants file objections to expert reports within
twenty-one days enables claimants to file their expert reports promptly and
have any complaints about the adequacy of the reports decided by the trial
court within the 120-day period in which the claimants could supplement their
expert reports or file additional reports without first seeking an extension of
time. See Constancio
v. Bray, 266 S.W.3d 149, 160 (Tex. App.—Austin 2008, no pet.) (“[I]f a
report is served, objected to, and found deficient by the district court before
the 120-day deadline has passed, the claimant has the remainder of the 120 days
in which he may decide to cure the deficiencies of the report, serve an
entirely new report, or do nothing before the defendant physician or health
care provider may then file a motion to dismiss the claim.”).