TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING







NO. 03-07-00037-CV






Mark D. Bogar, M.D., Appellant


v.


Dolores G. Esparza, Individually and as Administrator of the Estate of

Katherine G. Guerrero, Deceased; Fernando Guerrero; Sofia G. Butschy;

Gilberto Guerrero; Antonio Guerrero; Rosie G. Garza; Benito Guerrero;

Josey G. Selvera and Frances G. Faz, Appellees






FROM PROBATE COURT NO. 1 OF TRAVIS COUNTY, NO. 82,917-A,

HONORABLE GUY S. HERMAN, JUDGE PRESIDING




D I S S E N T I N G O P I N I O N



 Given the length of time this accelerated interlocutory appeal has been pending, I will
adopt my prior dissent with an additional observation, substituting this opinion and dissenting to the
denial of appellees' motion for rehearing. In Palacios, the supreme court held that (i) a trial court's
decision whether to dismiss a case under this statute is reviewed for abuse of discretion, and (ii) to
constitute a good-faith effort to provide a fair summary of an expert's opinions, "an expert report
must discuss the standard of care, breach, and causation with sufficient specificity to inform the
defendant of the conduct the plaintiff has called into question and to provide a basis for the trial court
to conclude that the claims have merit." American Transitional Care Ctrs. v. Palacios, 46 S.W.3d
873, 875 (Tex. 2001) (predecessor statute). In that case, the court found that the trial court did not
abuse its discretion in its ruling and reversed the court of appeals. Based upon Palacios, I would
hold that the trial court did not abuse its discretion here. For these reasons, I respectfully dissent.

 The majority has stepped into both shoes of the trial court: (i) overruling its
determination that the expert report is sufficient and the litigation should go forward, and (ii) finding
the report to be not just deficient, but "no report," thus foreclosing an opportunity to cure any
asserted deficiency. As the reviewing court, we are admonished that a trial court abuses its
discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or
principles. See Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999). When reviewing a trial
court's decision for an abuse of discretion, we recognize that such discretionary choices are left to
a court's judgment, and its judgment is to be guided by sound legal principles. Albemarle Paper Co.
v. Moody, 422 U.S. 405, 416 (1975) (quoting United States v. Burr, 25 F. Cas. 30, 35 (CC Va. 1807)
(Marshall, C.J.)). We may not substitute our own judgment for that of the trial court. Bowie Mem'l
Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002). While a trial court's failure to analyze and apply
the law correctly would constitute an abuse of discretion, Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992), "[t]he test for abuse of discretion is not whether, in the opinion of the reviewing court,
the facts present an appropriate case for the trial court's action. . . . [I]t is a question of whether
the court acted without reference to any guiding rules and principles." Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A trial court does not abuse its discretion
merely because it decides a discretionary matter differently than an appellate court would in a similar
circumstance. Id. at 242.

 The parties agree that Dr. Bogar was the physical medicine rehabilitation doctor in
charge of Ms. Esparza's care; he was the only doctor named in the lawsuit. An autopsy established
that Ms. Esparza, who was admitted for post-operative hip surgery rehabilitation, died of an overdose
of Oxycodone and Vicodin. After a hearing, the trial court expressly found the report to be sufficient
and denied the motion to dismiss. (1)

 The supreme court has recently held that an expert report that implicates the doctor's
conduct, but fails to mention the doctor by name, is merely deficient and subject to the trial court's
discretionary power to grant a 30-day extension as allowed under section 74.351(c). See Ogletree
v. Matthews, No. 05-0502, 2007 Tex. LEXIS 1028, at *2, 14 (Tex. Nov. 30, 2007). While the
majority recognizes this recent supreme court holding, it fails to apply it to an expert report
that plainly implicates appellant's conduct in prescribing a lethal dose of Oxycodone and
Vicodin--choosing instead to ignore the statutory discretion imparted to the trial court by the
legislature. See id.

 Although the trial court's determination is not shielded from review, we may not 
substitute our judgment for that of the trial court charged with a gatekeeping function in the first
instance under this statute. Indeed, the trial court is charged not only with exercising its discretion
in affirming or denying the motion to dismiss, but the trial court may--in its discretion--grant a 30-day extension to cure any deficiency. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c) (West Supp.
2007). Because the trial court here found the report to be sufficient--and not deficient or "no
report"--it did not consider whether to grant a discretionary extension to amend the report.

 I believe the trial court did not abuse its discretion in concluding that the report
was sufficient. Because (i) the standard of review recognizes that there is a range of decisions that
are appropriate as long as the trial court does not act in an arbitrary or unreasonable manner or
without reference to guiding rules and principles, and (ii) the trial court acted in accord with the
supreme court's holdings in Palacios, (2) I would conclude that the trial court was guided by and
employed sound legal principles and properly denied the motion to dismiss. I would affirm the trial
court's order.

 Alternatively, because the trial court found the report to be sufficient and not deficient
or "no report," I would follow this Court's precedent in Austin Heart, P.A. v. Webb, 228 S.W.3d 276
(Tex. App.--Austin 2007, no pet.), and remand this cause for further proceedings to allow the trial
court to exercise its discretion and determine whether a 30-day extension should be granted. (3)

 By cherry-picking language from the supreme court's Ogletree opinion to support its
admitted "elusive" line between a deficient report and a "nonexistent" report, the majority overlooks
the supreme court's common sense approach regarding expert reports that implicate a health
provider's conduct: The supreme court reasoned that "while the 2003 amendments were intended
to decrease claims, they do not mandate dismissal for deficient, but curable, reports." Ogletree,
2007 Tex. LEXIS 1028, at *9. In finding this report "no report," we are beyond cherry-picking and
into hair-splitting for which the aim is not to seek the statutory mandate nor substantial justice.

 I would, therefore, grant the motion for rehearing.



 

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed: May 16, 2008
1. The hospital settled and was dismissed from the lawsuit.
2. In Palacios, the court faulted the expert report for its conclusory statement that the standard
of care required the hospital to have monitored Palacios more closely, restrain him more securely
or done something else entirely. The court stated: "Knowing only that the expert believes that
American Transitional did not take precautions to prevent the fall might be useful if American
Transitional had an absolute duty to prevent falls from its hospital beds." American Transitional
Care Ctrs. v. Palacios, 46 S.W.3d 873, 880 (Tex. 2001). Here, the trial court may have concluded
that the standard of care and duty were clear from the report detailing the "toxic levels of oxycodone
along with lethal levels of propoxyphene" that caused the death.
3. The majority's criticism of this approach relies on Apodaca v. Russo, 228 S.W.3d
252 (Tex. App.--Austin 2007, no pet.), and Garcia v. Marichalar, 185 S.W.3d 70
(Tex. App.--San Antonio 2005, no pet.), but those cases are distinguishable in that both involved
multiple defendants, whereas here we have only one defendant--Dr. Bogar.