Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00840-CV

Brian K. **SEASTRUNK**, M.D.,
Appellant

v.

Monica **MEZA**, Individually and as Representative of the Estate of Maddoux J. Cordova and
Adam Cordova, Individually,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-06914
Honorable Karen H. Pozza, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed:  August 10, 2011

DISMISSED FOR WANT OF JURISDICTION

This is an accelerated appeal from the trial court's denial of Appellant Dr. Brian K.

Seastrunk's motion to dismiss and its attendant grant of a thirty-day extension to cure a deficient

expert report served on Dr. Seastrunk by Appellees Adam Cordova and Monica Meza,

Individually and as Representative of the Estate of Maddoux J. Cordova.  We dismiss the appeal

for want of jurisdiction.

**BACKGROUND**

On the morning of December 11, 2009, Maddoux Cordova, who was almost two years old, underwent dental surgery at an ambulatory surgery center, Village Specialty Surgical Center. Dr. Seastrunk administered anesthesia for Maddoux's procedure. Following the procedure, Maddoux was taken to the the recovery area. Dr. Seastrunk prescribed morphine for Maddoux's pain, to be taken as needed. Maddoux was given two .5 mg doses of morphine later that morning and, six hours later, his grandmother found him unresponsive. EMS rushed Maddoux to the hospital where he was placed in an induced coma. After sixteen days, Maddoux's family removed him from the respirator and he died the following day.

Maddoux's parents, Monica Meza and Adam Cordova, filed health care liability claims against Dr. Seastrunk and Village Specialty Surgical Center. Meza and Cordova served the defendants with expert reports from Dr. Sean G. Boynes and Dr. Vincent Di Maio. Dr. Seastrunk objected to the sufficiency of the reports and moved to dismiss the claim with prejudice. The trial court found that although Dr. Boynes's report was deficient, it reflected a good faith effort to comply with the expert report requirement. It further found that Dr. Di Maio's report was sufficient as to causation. The trial court denied Seastrunk's motion to dismiss and granted a thirty-day extension to cure the deficiencies in the expert reports. Dr. Seastrunk appeals.

**JURISDICTION**

Meza and Cordova challenge our jurisdiction to consider Dr. Seastrunk's interlocutory appeal. Dr. Seastrunk states that we have jurisdiction because Meza and Cordova's reports were so deficient as be "no reports" under section 74.351 of the Texas Civil Practice & Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014 (West 2008), 74.351 (West 2008 &

Supp. 2011); *see also Badiga v. Lopez*, 274 S.W.3d 681, 685 (Tex. 2009) ("A provider may pursue an interlocutory appeal of the denial of a motion to dismiss when no expert report has been timely served, whether or not the trial court grants an extension of time.").

## A. Standard of Review

Because a challenge to our jurisdiction raises a legal question, we review the challenge de novo. *IFS Sec. Grp., Inc. v. Am. Equity Ins. Co.*, 175 S.W.3d 560, 562 (Tex. App.—Dallas 2005, no pet.); *cf. Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998) (explaining that the standard of review for appellate jurisdiction under the ripeness doctrine is de novo). We must dismiss the appeal "[i]f the record does not affirmatively demonstrate [our] jurisdiction." *IFS Sec. Grp.*, 175 S.W.3d at 562.

## B. The Expert Report Requirement

Under section 74.351 of the Texas Civil Practice and Remedies Code, a health care liability claimant must, within 120 days of filing the claim, serve on each party or his attorney at least one "expert report" with a curriculum vitae of each expert listed in the report. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a); *see also Badiga*, 274 S.W.3d at 683; *Emeritus Corp. v. Highsmith*, 211 S.W.3d 321, 325 (Tex. App.—San Antonio 2006, pet. denied). If an expert report has not been served within that period, then a trial court must grant a motion to dismiss the claim. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b); *see also Badiga*, 274 S.W.3d at 683; *Highsmith*, 211 S.W.3d at 325. A defendant must file and serve objections to the sufficiency of any served report implicating that defendant's conduct or otherwise waive any objections to that report. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a); *Ogletree v. Matthews*, 262 S.W.3d 316, 319 (Tex. 2007). If a trial court finds elements of the report to be deficient, then the trial court may grant a thirty-day extension for the claimant to cure the deficiency. TEX. CIV. PRAC. & REM.

CODE ANN. § 74.351(c), (l); *Garcia v. Marichalar*, 185 S.W.3d 70, 73 (Tex. App.—San Antonio 2005, no pet.).

## C. Appellate Jurisdiction

We have jurisdiction over appeals only from final judgments unless a statute grants us the authority to hear an appeal from an interlocutory order. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). We are authorized to hear an appeal from an order "den[ying] all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351(c)." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9); *Bogar v. Esparza*, 257 S.W.3d 354, 359 (Tex. App.—Austin 2008, no pet.).

We have jurisdiction over an interlocutory appeal of the denial of a motion to dismiss when an extension has been granted only when no report is served. *See Badiga*, 274 S.W.3d at 683; *Highsmith*, 211 S.W.3d at 325. But when a deficient report is served and the court grants a thirty-day extension, we lack jurisdiction over an interlocutory appeal of the denial of the motion to dismiss. *Scoresby v. Santillan*, — S.W.3d. — , No. 09–0497, 2011 WL 2586860, at *6–7 (Tex. 2011); *compare Ogletree*, 262 S.W.3d at 317 (holding there is no appellate jurisdiction if there is a deficient report and an extension is granted), *with Badiga*, 274 S.W.3d at 684–85 (holding there is appellate jurisdiction if extension is granted despite a missing report because extension is an abuse of discretion).

A purported expert report is not so deficient as to be no report at all "if the report is served by the statutory deadline, if it contains the opinion of an individual with expertise that the claim has merit, and if the defendant's conduct is implicated." *Scoresby*, 2011 WL 2586860, at *7. This is a minimal standard that is intended to deter the delay caused by multiple interlocutory appeals. *Id.* If a purported expert report meets this standard, and if the trial court

has granted a thirty-day extension to cure such a deficient report, then we lack jurisdiction over an interlocutory appeal of a denial of a motion to dismiss for failure to serve an expert report. *Id.*

**D. Analysis**

It is undisputed that the trial court granted a thirty-day extension for Meza and Cordova to cure the deficiencies in the expert reports that were filed within the 120-day statutory period. Thus, the only remaining inquiry is whether either Dr. Boynes's report or Dr. Di Maio's report contains the opinion of an individual with relevant expertise stating that Meza and Cordova's claim has merit and implicates Seastrunk's conduct.

We hold that the reports contain opinions of individuals with relevant expertise. *See Scoresby*, 2011 WL 2586860, at *7 (requiring that the reports only need to be authored by individuals with relevant expertise and do not need to be authored by statutorily qualified experts to give the trial court discretion to grant an extension). Dr. Boynes's report and C.V. detail his background as a licensed dentist with a concentrated practice in Anesthesiology. His report asserts his qualifications to address the diagnosis, care, and treatment of Maddoux. Furthermore, Dr. Di Maio's report and C.V. list his qualifications as a physician who is "Board Certified in Anatomical, Clinical and Forensic Pathology." Dr. Di Maio states that he was the Chief Medical Examiner of Bexar County, Texas, for twenty-five years.

Dr. Boynes's and Dr. Di Maio's reports implicate Dr. Seastrunk's conduct and support that Meza and Cordova have a claim against Dr. Seastrunk. Dr. Boynes's report specifically accused Dr. Seastrunk of breaching the standard of care for the administration of morphine. Dr. Boynes opined in his report that for a thirteen-kilogram patient like Maddoux, the recommended pediatric drug dosage range was .26 milligrams to .65 milligrams. He further stated that one milligram was prescribed and administered to Maddoux. Dr. Boynes also reported that Dr.

Seastrunk, as Maddoux's physician, was required to order the appropriate dosage and proper administration. Dr. Di Maio's report detailed Maddoux's medical records and concluded, "Based on the aforementioned material, it is my opinion that, in all medical probability Maddoux . . . died as a result of cerebral hypoxia due to over sedation by morphine administered by a nurse at Village Specialty Surgical Center following prescription of the medication by Dr. B. Seastrunk." Thus, Dr. Boynes's and Dr. Di Maio's reports are not so deficient as to be no report as to Dr. Seastrunk. *See Scoresby*, 2011 WL 2586860, at *7; *Ogletree*, 262 S.W.3d at 320–22; *Bogar*, 257 S.W.3d at 360; *Garcia*, 185 S.W.3d at 73; *cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).

## CONCLUSION

Having concluded that Dr. Boynes's and Dr. Di Maio's reports were merely deficient reports as opposed to "no reports" for which a thirty-day extension was not available, we must dismiss this appeal for want of jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; *Scoresby*, 2011 WL 2586860, at *7.

Rebecca Simmons, Justice