

# NUMBER 13-20-00269-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PABLO MARTINEZ CANO,                                                      Appellant,

v.

SILVIA ESTELA MARTINEZ,
SYLVIA ESTELA GUERRA MARTINEZ,
AND MAURICIO GUERRA MARTINEZ,                               Appellees.

## On appeal from the 275th District Court
## of Hidalgo County, Texas.

# ORDER

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Order Per Curiam**

Appellant Pablo Martinez Cano is appealing an order granting an injunction in a

favor of appellees Silvia Estela Martinez, Sylvia Estela Guerra Martinez, and Mauricio

Guerra Martinez (collectively the Martinezes). This cause is now before the Court on

appellees' motion to dismiss the appeal. Appellees argue the cause is now moot, since the trial court granted appellant's motion to transfer venue to Harris County, Texas.

Pursuant to Texas Rule of Appellate Procedure 29.5, "while an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and may make further orders, including one dissolving the order appealed from, and if permitted by law, may proceed with a trial on the merits." *Garcia v. Marichalar*, 185 S.W.3d 70, 72 (Tex. App.—San Antonio 2005, no pet.). However, the trial court cannot make an order which:

(a)     is inconsistent with any appellate court temporary order; or

(b)     interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal.

TEX. R. APP. P. 29.5. Texas Rule of Appellate Procedure 29.6 allows an appellate court to review "any interlocutory order that interferes with or impairs the effectiveness of the relief sought or that may be granted on appeal." *Id*. 29.6(a)(2).

The Martinezes argue in their motion to dismiss that we no longer have jurisdiction over this appeal because pending appeal, the trial court transferred the cause to Harris County. "The Thirteenth Court of Appeals District is composed of the counties of Aransas, Bee, Calhoun, Cameron, DeWitt, Goliad, Gonzales, Hidalgo, Jackson, Kenedy, Kleberg, Lavaca, Live Oak, Matagorda, Nueces, Refugio, San Patricio, Victoria, Wharton, and Willacy." TEX. GOV'T CODE ANN. § 22.201. Harris County is not within our jurisdiction. Thus, we must consider whether the trial court's transfer order interfered with or impaired our jurisdiction over this appeal.

"We have jurisdiction to consider appeals only from final judgments or from interlocutory orders made immediately appealable by statute." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). However, there shall be no interlocutory appeals

from a trial court's ruling on a motion to transfer venue. TEX. R. CIV. P. 87; *see also Lockridge v. Martin*, No. 02-21-00047-CV, 2021 WL 1421424, at *1 (Tex. App.—Fort Worth Apr. 15, 2021, no pet. h.) (memo op.). Thus, we do not have jurisdiction over the trial court's order transferring venue to Harris County. Accordingly, the trial court's transfer order is not permitted by rule 29.5. Transferring the case has interfered or impaired the jurisdiction of this Court; therefore, the proper remedy when the trial court interferes with our jurisdiction is to vacate the offending order. *See id.* 29.6(a)(2); *see also Lockridge*, 2021 WL 1421424, at *1.

We, therefore, DENY the Martinezes motion to dismiss. Furthermore, it is hereby ORDERED that the trial court vacate its transfer order. *See id.* 29.6(a)(2); *see also Lockridge*, 2021 WL 1421424, at *1.

On April 7, 2021, we granted the Martinezes' motion for extension of time to file a brief. Therefore, they shall have two weeks from the date of this order to file their brief.

PER CURIAM

Delivered and filed on the
19th day of May, 2021.