**NEXION HEALTH AT OAK MANOR, INC. d/b/a Oak Manor Nursing Home, Appellant**

v.

**Lavene BREWER, Individually and as Representative of the Estate of James Brewer, Appellee.**

**In re Nexion Health at Oak Manor, Inc. d/b/a Oak Manor Nursing Home, Relator.**

**Nos. 12–06–00307–CV, 12–06–00349–CV.**

Court of Appeals of Texas, Tyler.

Jan. 16, 2008.

Gregory N. Ziegler, Noreen A. Grant, and Bryan G. Rutherford, for Relator.

Reich Chandler, Jeff B. Badders and Darrin Walker, for Real Party in Interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION ON REHEARING

BRIAN HOYLE, Justice.

Relator Nexion Health at Oak Manor, Inc. d/b/a Oak Manor Nursing Home filed a motion for rehearing on December 18, 2007, which is granted. The court's opinion of December 12, 2007 and its order in appellate cause number 12–06–00349–CV are hereby withdrawn, and the following opinion and corresponding order are substituted therefor.

Nexion Health at Oak Manor, Inc. d/b/a Oak Manor Nursing Home brings a parallel interlocutory appeal and mandamus proceeding complaining of the trial court's order denying its motion to dismiss the

health care liability claims of Lavene Brewer, individually and as personal representative of the estate of James Brewer.[1] We dismiss Oak Manor's appeal for want of jurisdiction and conditionally grant its petition for writ of mandamus.

## BACKGROUND

James Brewer, deceased, suffered from dementia and was a patient at Oak Manor Nursing Home. One night, Brewer wandered out of the nursing home and fell down a flight of stairs. When Oak Manor's staff found Brewer at the bottom of the stairs, he had several injuries requiring medical treatment.

Lavene Brewer, individually and as personal representative of Mr. Brewer's estate, filed suit against Oak Manor alleging that its nursing staff was negligent in failing to properly supervise Mr. Brewer to prevent him from falling down the stairs. Brewer served Oak Manor with an expert report from a nurse summarizing her opinions regarding the applicable standards of care, the breaches of those standards by members of Oak Manor's nursing staff, and causation. In an amended answer, Oak Manor challenged the adequacy of the nurse's report and the ability of the nurse to opine as to causation. More than 120 days after the suit was filed, Oak Manor filed a motion to dismiss Brewer's health care liability claims contending that an expert report relating to causation must be from a physician.

After receiving Oak Manor's motion to dismiss but before the hearing on the motion, Brewer served Oak Manor with an expert report from a physician, which addressed the cause of Mr. Brewer's injuries. Brewer further requested an extension of time to cure the deficiency in the initial report. After hearing argument on the matter, the trial court denied Oak Manor's motion to dismiss and granted Brewer an extension of thirty days to file a report from a physician relating to the cause of Mr. Brewer's injuries. Oak Manor then brought a parallel interlocutory appeal and mandamus proceeding complaining of the trial court's order. We consolidate the two proceedings for purposes of this opinion.

## SECTION 74.351 MOTION TO DISMISS

In a health care liability claim, the claimant must serve an expert report on each party within 120 days after filing suit. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2007). The expert report must provide a fair summary of the expert's opinions "regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." *Id.* § 74.351(r)(6). The plaintiff may use more than one expert to address the necessary elements of the report. *See id.* § 74.351(i) ("Nothing in this section shall be construed to mean that a single expert must address ... both liability and causation issues for a physician or health care provider."). However, the legislature has mandated that, in health care liability claims, only a physician can offer an opinion regarding causation. *Id.* § 74.351(r)(5)(C). Thus, for the plaintiff to serve a report or reports that are not deficient, the report or reports must address the necessary elements and at least one of the reports must be by a physician. *Id.* § 74.351(r)(5)(C), (6).

---

1. The Honorable Campbell Cox II, Judge of the 145th Judicial District Court, Nacogdoches County, Texas is the respondent.

■ **The Extension.** Oak Manor contends here, as it did in the trial court, that because Brewer did not furnish a report from a physician relating to causation, *see id.* § 74.351(r)(5)(C), the report was not an "expert report" as defined by statute. *See id.* § 74.351(r)(6) (defining "expert report" as a written report by an expert on the three statutory elements). Consequently, it concludes, the report was not merely "deficient," but was no report at all and Brewer was not entitled to an extension of time. Brewer counters that a report was timely served. *Id.* § 74.351(c).

After Oak Manor filed its interlocutory appeal and petition for writ of mandamus, the Texas Supreme Court decided *Ogletree v. Matthews,* No. 06–502, 2007 WL 4216606, — S.W.3d — (Tex. Nov. 30, 2007). In *Ogletree,* the court determined the issue in agreement with Brewer's position. *Id.,* 2007 WL 4216606, at *4, at ——. ("Indeed, the legislature recognized that not all initial timely served reports would satisfy each of the statutory criteria.").

There are two circumstances in which an expert report may be deemed unserved. The first is when the expert report is not served within 120 days after the lawsuit was filed. *Id.* § 74.351(b). When this occurs, the affected physician or health care provider may file a motion to dismiss. *Id.* § 74.351(b). Upon the filing of the motion, the trial court has but one option: to dismiss the case with prejudice and award attorney's fees and costs of court to the movant. *Id.* § 74.351(b); *Jain v. Stafford,* 214 S.W.3d 94, 97 (Tex.App.-Fort Worth, pet. dism'd); *Garcia v. Marichalar,* 185 S.W.3d 70, 74 (Tex.App.-San Antonio 2005, no pet.). A report also may be deemed unserved when a timely served expert report "does not meet the statutory definition of an 'expert report' because it has one or more deficiencies in its contents." *See, e.g., Valley Baptist Med. Ctr. v. Azua,* 198 S.W.3d 810, 815 (Tex.App.-Corpus Christi 2006, no pet.); *Thoyakulathu v. Brennan,* 192 S.W.3d 849, 853 (Tex.App.-Texarkana 2006, no pet.); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(c) (providing for extension of time if expert report has not been served "because elements of the report are found deficient"). In that situation, the trial court has the discretion to 1) dismiss the case with prejudice and award attorney's fees and costs of court to the affected party or to 2) grant one thirty day extension to allow the claimant to cure the deficiency. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b), (c); *Ogletree,* 2007 WL 4216606, at *4, — S.W.3d at ——.

Because Oak Manor's complaint relates to the content of the report, it falls squarely within the second circumstance. As such, the report is deficient, but the deficiency does not render it "no report at all." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(c). Therefore, the trial court could grant the extension. But our analysis does not end here. We also must determine if the trial court properly denied Oak Manor's motion to dismiss. Before proceeding further, however, we must determine whether interlocutory appeal or mandamus is the appropriate avenue for review.

### INTERLOCUTORY APPEAL

■ As a general rule, only final judgments are appealable. TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997); *Stolhandske v. Stern,* 14 S.W.3d 810, 813 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). One exception is an interlocutory order "[denying] all or part of the relief sought by a motion under [Texas Civil Practices and Remedies Code] Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351." *See* TEX. CIV.

PRAC. & REM.CODE ANN. § 51.014(a)(9) (Vernon Supp.2007). However, this subsection must be strictly construed as a narrow exception to the general rule that only final judgments are appealable. *Thoyakulathu,* 192 S.W.3d at 851 n. 2.

■ Oak Manor argues that we have jurisdiction over its interlocutory appeal because the trial court denied its motion to dismiss. Again, the Texas Supreme Court, in *Ogletree,* clearly decided this issue against Oak Manor's position. *See Ogletree,* 2007 WL 4216606, at *4-*5, —— S.W.3d at ——. While a report should be deemed not served due to a deficiency, the trial court retains discretion to grant a thirty day extension under such circumstances, and the legislature explicitly decided that such orders are not appealable. *Id.* "Thus, if a deficient report is served and the trial court grants a thirty day extension, that decision even if coupled with a denial of a motion to dismiss is not subject to appellate review." *Id.,* 2007 WL 4216606, at *4, —— S.W.3d at ——. Therefore, because the trial court's order denied Oak Manor's motion to dismiss but also granted Brewer an extension of time to cure her deficient report, the order is not appealable. *Id.* Consequently, we are without jurisdiction of Oak Manor's interlocutory appeal and will review the trial court's order by mandamus.

### PREREQUISITES TO MANDAMUS

■ Mandamus is an extraordinary remedy available to correct either a clear abuse of discretion or the violation of a legal duty when there is no adequate remedy by appeal. *In re J.D. Edwards World Solutions Co.,* 87 S.W.3d 546, 549 (Tex. 2002). A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walk-*

*er v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (citing *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Id.* A trial court has no discretion though in determining what the law is or applying the law to the facts. *Id.* at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

### THE NEW REPORT

■ Oak Manor argues that, even if the report was merely "deficient" and the extension was properly granted, Brewer could not "cure the deficiency" by filing a report from a new expert. Three other courts of appeals have addressed this issue. *See Cuellar v. Warm Springs Rehab. Found.,* No. 04–06–00698–CV, 2007 WL 3355611, at *4, 2007 Tex.App. LEXIS 8974, at *11 (Tex.App.-San Antonio Nov. 14, 2007, no pet.) (mem.op.); *Methodist Health Ctr. d/b/a Methodist Hosp. Sugar Land v. Thomas,* No. 12–07–00085–CV, 2007 WL 2367619, at *4, 2007 Tex.App. LEXIS 6655, at *14 (Tex.App.-Houston [14th Dist.] Aug. 21, 2007, no pet.) (mem. op.); *De La Vergne v. Turner,* No. 04–06–00722–CV, 2007 WL 1608872, at *1, 2007 Tex.App. LEXIS 4393, at *3 (Tex.App.-San Antonio June 6, 2007, no pet.) (mem. op.); *Danos v. Rittger,* No. 01–06–00350–CV, 2007 WL 625816, at *4, 2007 Tex.App. LEXIS 1568, at *11, —— S.W.3d ——, —— (Tex.App.Houston [1st Dist.] Mar. 1, 2007, pet. filed). In *Danos,* the court noted that the predecessor to section 74.351 authorized a thirty day grace period "to comply with [the] subsection" that prescribed the time for filing an expert report, while subsection 74.351(c) permits the trial court to grant a thirty day extension "to

cure the deficiency" in the report.[2] *Danos*, 2007 WL 625816, at *3, 2007 Tex.App. LEXIS 1568, at *10, —— S.W.3d at ——. Describing this change in language as "an important and significant alteration in the statute," the court presumed the legislature intended to make the change and further observed that the amended statute "emphasizes the need to cure the deficiency *in the report.*" *Id.*, at *3-*4, at *10–11, at —— – ——. The court then concluded that section 74.351 does not permit a claimant to go beyond the 120 day deadline for filing an expert report to cure a deficiency by obtaining a new report from a different expert. *Id.*, at *4, at *11, at ——. Applying *Danos*, the other two courts reached the same conclusion. *See Cuellar*, 2007 WL 3355611, at *4, 2007 Tex.App. LEXIS 8974, at *11; *Thomas*, 2007 WL 2367619, at *4, 2007 Tex.App. LEXIS 6655, at *12; *De La Vergne*, 2007 WL 1608872, at *1, 2007 Tex.App. LEXIS 4393, at *3.

We agree with our sister courts. The trial court did not abuse its discretion by giving Brewer thirty additional days to "cure the deficiency" in the nurse's report, but it could not consider the wholly new physician's report, filed more than 120 days after suit was filed, when it ruled on Oak Manor's motion to dismiss. The grace period permitted Brewer to cure the deficiencies in the timely filed report only by making changes to that report. Because those deficiencies could not be and were not cured by making changes to that report (because the nurse was not statutorily qualified to state an opinion on causation), the trial court could have made but one decision: to grant Oak Manor's motion to dismiss. Because the trial court denied Oak Manor's motion to dismiss, it abused its discretion.

### ADEQUATE REMEDY BY APPEAL

An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex.2004). This determination depends heavily on the circumstances presented and is better guided by general principles than by simple rules. *Id.* at 137. Generally, mandamus is not used to correct incidental rulings of the trial court when there is an adequate remedy by appeal. *Abor v. Black*, 695 S.W.2d 564, 567 (Tex.1985). A trial court's ruling on a motion to dismiss is such an incidental ruling. *In re Highland Pines Nursing Home, Ltd.*, 2004 WL 100403, at *3, 2004 Tex.App. LEXIS 591, at *9 (Tex.App.—Tyler, Jan. 21, 2004); *Low v. King*, 867 S.W.2d 141, 142 (Tex.App.-Beaumont 1993,

---

**2.** Previously, the statute provided that

> if a claimant has failed to comply with a deadline established by Subsection (d) of this section [stating that an expert report must be filed within 180 days of filing suit] and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection.

Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 985–87 (adding expert report requirement at former Tex.

Rev.Civ. Stat. Ann. art. 4590i, § 13.01(d)), *repealed and recodified as amended* by Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.01, 10.09, 23.02(a), (d), 2003 Tex. Gen. Laws 847, 864, 884, 898–99 (H.B.4) (adopting chapter 74 of the Texas Civil Practice and Remedies Code) (current version at Tex. Civ. Prac. & Rem.Code Ann. § 74.351(c)).

Currently, the statute states that "[i]f an expert report has not been served within the period specified by Subsection (a) [120 days] because elements of the report are found deficient, the court may grant one 30–day extension to the claimant in order to cure the deficiency." Tex. Civ. Prac. & Rem.Code Ann. § 74.351(c).

orig. proceeding). However, when the legislature has expressed a clear legislative purpose in requiring dismissal if a proper expert report is not timely served on a medical malpractice defendant, a remedy by direct appeal is inadequate. *Highland Pines*, 2004 WL 100403, at *3, 2004 Tex. App. LEXIS 591, at *9–10. Thus, when a trial court abuses its discretion in denying a motion to dismiss in a medical malpractice action, appeal is not an adequate remedy. *Id.* Because Oak Manor was entitled to a dismissal of the action by the trial court, Oak Manor has no adequate remedy by appeal.

### CONCLUSION

Because we lack jurisdiction of Oak Manor's interlocutory appeal, the appeal is dismissed for want of jurisdiction. Having held that the trial court abused its discretion in denying Oak Manor's motion to dismiss and that Oak Manor has no adequate remedy at law, we *conditionally grant* mandamus relief. We trust that the trial court will promptly vacate its order of August 8, 2006 denying Oak Manor's motion to dismiss and issue an order granting the motion. The writ will issue only if the trial court fails to comply with this court's opinion and order *within ten days.* The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of its order evidencing such compliance.