In re Shondra BUSTER, Personal Representative of the Estate of James Brewer, Relator.

No. 08–0125.

Supreme Court of Texas.

Nov. 14, 2008.

Rehearing Denied Feb. 27, 2009.

Darrin M. Walker, Law Office of Darrin Walker, Kingwood, TX, Jeff B. Badders, Badders & Badders, Nacogdoches, TX, Michael Kirk Mathis, Chandler Law Firm, Lufkin, TX, for Relators.

Gregory Norman Ziegler, Noreen Grant, Bryan Rutherford, MacDonald Devin, P.C., Dallas, TX, for Real Party in Interest.

PER CURIAM.

Lavene Brewer filed this suit against Oak Manor Nursing Home,[1] alleging it failed to prevent her husband from falling down a flight of stairs. Within 120 days of filing, she served an expert report as required by statute. TEX. CIV. PRAC. & REM. CODE § 74.351(a). Oak Manor moved to dismiss on the ground that the report was signed by a nurse, while the statute requires a physician's report on causation. *Id.* § 74.351(r)(5)(C). Before the hearing on the motion, Brewer served a supplemental report by a physician and moved for a 30–day extension to allow the supplement to cure the deficiency. *See id.* § 74.351(c).

The trial court granted the extension and denied Oak Manor's motion to dismiss. Oak Manor sought mandamus relief in the court of appeals, which held that the trial court did not err in granting the 30–day extension, but did err by allowing a new report from a different expert. 243 S.W.3d 848, 853–54. Brewer then sought mandamus relief in this Court.

We agree the trial court did not err in granting the extension. To constitute a good-faith effort, a report must disclose the defendant's treatment that is

---

1. Upon Laverne Brewer's death, Relator Shondra Buster succeeded as personal representative of James Brewer's estate. Real Party in Interest is Nexion Health at Oak Manor, Inc., d/b/a Oak Manor Nursing Home.

challenged, and provide a basis for concluding the claims have merit. *Am. Transitional Care Ctrs. v. Palacios*, 46 S.W.3d 873, 879 (Tex.2001). A report by an unqualified expert will sometimes (though not always) reflect a good-faith effort sufficient to justify a 30–day extension. TEX. CIV. PRAC. & REM.CODE § 74.351(*l*); *see, e.g., Leland v. Brandal*, 257 S.W.3d 204, 208 (Tex.2008) (remanding to trial court to determine whether expert report by anesthesiologist about cardiologist's care constituted good-faith effort).

■ But we disagree that the trial court erred in allowing the supplemental report from a physician. As we recently held in *Lewis v. Funderburk*, the statute provides that *"any requirement* of this section" can be fulfilled "by serving reports of separate experts." 253 S.W.3d 204, 208 (Tex.2008) (quoting TEX. CIV. PRAC. & REM.CODE § 74.351(*i*)). Because a claimant may cure a deficiency by serving a report from a new expert, the court of appeals erred in concluding otherwise.

■ Finally, the court of appeals also ordered the trial court to dismiss Brewer's case within ten days. 243 S.W.3d at 854. When the trial court complied, the appellate court dismissed the original proceeding before it as moot. But when a petition was filed in this Court a month later, the parties filed an agreed order reinstating the case in the trial court to preserve the case and the trial court's jurisdiction. Thus, these proceedings are not moot.

Accordingly, without hearing oral argument, *see* TEX.R.APP. P. 52.8(c), we conditionally grant the writ of mandamus and direct the court of appeals to vacate its original judgment and its order dismissing these proceedings as moot, and to deny Oak Manor's petition for writ of mandamus. We are confident the court will comply and our writ will issue only if it does not.