# NO. 12-17-00170-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JENNIFER SAMPSON,* *INDIVIDUALLY; AS A* *REPRESENTATIVE OF THE ESTATE* *OF SINDY JEAN HAMILTON; AND* *AS GUARDIAN OF JEANETTE* *BURTON AND SONYA HOLLIS,* *INDIVIDUALLY AND AS A* *REPRESENTATIVE OF THE ESTATE* | § | *APPEAL FROM THE 7TH* |
| *OF JANET MEYERS,* *APPELLANTS* | § | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| *EAST TEXAS MEDICAL CENTER* *TYLER,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jennifer Sampson, Individually, as Representative of the Estate of Sindy Hamilton, and as Guardian of Jeanette Burton, and Sonya Hollis, Individually and as Representative of the Estate of Janet Meyers appeal the trial court's order excluding their expert and dismissing their cause of action. They present three issues on appeal. We affirm.

### BACKGROUND

Sampson and Hollis filed this health care liability claim against East Texas Medical Center Tyler (ETMC) alleging ETMC was negligent in the care of two patients. According to Sampson and Hollis, ETMC's negligence caused the patients to develop bedsores. Pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code, Sampson and Hollis served ETMC with two expert reports and a curriculum vitae from their expert, Martha Sanford, Ph.D., R.N.

ETMC filed a motion to dismiss with prejudice on grounds that the reports and curriculum vitae did not establish Sanford's qualifications to offer the tendered opinions and that the opinions contained in the reports were insufficient. Sampson and Hollis replied to the motion alleging that Sanford was qualified to offer her opinions because she is a nurse.

Without conducting an oral hearing, but after the submission date contained in ETMC's motion per the applicable local rules of Smith County, the trial court granted ETMC's motion to dismiss. Sampson and Hollis filed a motion for new trial arguing that Sanford was a qualified expert under the Texas Civil Practice and Remedies Code. The motion for new trial was overruled by operation of law. This appeal followed.

## SUFFICIENCY OF EXPERT REPORTS

In their first issue, Sampson and Hollis contend the trial court erred in excluding Sanford's expert testimony. They argue that Sanford is qualified to render expert opinions under the Texas Civil Practice & Remedies Code.

### Standard of Review

A trial court's decision to grant or deny a motion to dismiss under section 74.351 of the civil practice and remedies code is reviewed for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); *Tenet Hosps., Ltd. v. Boada*, 304 S.W.3d 528, 533 (Tex. App.—El Paso 2009, pet. denied). A trial court only abuses its discretion when it acts in an unreasonable or arbitrary manner, without reference to any guiding rules or principles. *See Walker v. Gutierrez,* 111 S.W.3d 56, 62 (Tex. 2003); *Boada*, 304 S.W.3d at 533. A trial court acts arbitrarily and unreasonably if it could have reached only one decision, but instead reached a different one. *See Teixeira v. Hall*, 107 S.W.3d 805, 807 (Tex. App.—Texarkana 2003, no pet.); *Boada*, 304 S.W.3d at 533. A trial court also abuses its discretion when it fails to analyze or apply the law correctly. *In re Sw. Bell Tel. Co. L.P.,* 226 S.W.3d 400, 403 (Tex. 2007) (citing *In re Kuntz,* 124 S.W.3d 179, 181 (Tex. 2003)); *Boada*, 304 S.W.3d at 533. A trial court does not abuse its discretion merely because it decides a matter within its discretion differently than a reviewing court. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex. 1985).

**Applicable Law**

In a health care liability claim, the claimant shall serve on each party, or the party's attorney, one or more expert reports with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West 2017). The statute defines an expert report as follows:

> a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

*Id*. § 74.351(r)(6). If no report is served within 120 days after the original petition was filed, the trial court, on the defendant's motion, must dismiss the claim with prejudice to its refiling. *Id*. § 74.351(b)(2). The trial court's order should also award the defendant reasonable attorney's fees and costs. *Id*. § 74.351(b)(1). Even when the claimant files an expert report within the 120 day period, it cannot be considered served if it is inadequate because elements of the report are found deficient. *Id*. § 74.351(c); *Lewis v. Funderburk*, 253 S.W.3d 204, 207 (Tex. 2008).

A defendant may challenge the report as being so insufficient that it represents no report at all, and move to dismiss. The statute allows three possible resolutions of the defendant's motion. First, if the trial court determines that elements of the report are deficient, it may grant the claimant one thirty day extension in which to cure the deficiency. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c). An interlocutory appeal may not be taken from an order granting a thirty day extension. *Id*. § 51.014(a)(9) (West Supp. 2017). Second, the trial court may, after hearing, grant the defendant's motion, dismiss the case, and assess attorney's fees and costs against the claimant. *Id.* § 74.351(b). The trial court shall grant the motion only if it determines that the report does not represent an objective good faith effort to comply with the statute's definition of an expert report. *Id*. § 74.351(*l*). The claimant has the right to an interlocutory appeal of the adverse order. *Id*. § 51.014(a)(10). The trial court's third option is to deny the defendant's motion. *See id.* § 74.351(b), (*l*). Section 51.014(a)(9) provides for an interlocutory appeal from an order denying a defendant relief under section 74.351(b). *See id*. § 51.014(a)(9).

In assessing the report's sufficiency, a trial court may not draw any inferences; the only information relevant to the inquiry is within the four corners of the report. *Palacios,* 46 S.W.3d

3

at 878–79. Although the report need not marshal all of a plaintiff's proof, it must include the expert's opinions on the three statutory elements: standard of care, breach of the standard, and the causal relationship between the breach and the harm. *Id*. at 878; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6). In detailing these elements, the report must provide enough information to fulfill two purposes if it is to constitute a good faith effort. *Palacios,* 46 S.W.3d at 878–79. First, the report must inform the defendant of the specific conduct that the plaintiff has called into question. *Id*. Second, the report must provide a basis for the trial court to conclude that the claims have merit. *Id*. A report that merely states the expert's conclusions as to the standard of care, breach, and causal relationship does not fulfill these two purposes. *Id*. Rather, the expert must explain the basis of his statements and link his conclusions to the facts. *Id*. The report, however, can be informal, and information does not have to meet the same requirements as evidence offered in a summary judgment proceeding or at trial. *Id*. One who seeks to offer an expert opinion about the causal relationship between the injury, harm, or damages claimed and the alleged departure from the standard of care must be a physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence. TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.351(r)(5)(C), 74.403(a) (West 2017).

The reports of multiple experts may be read together, if possible, to satisfy the expert report requirement. *Lewis,* 253 S.W.3d at 208. A report by an unqualified expert will sometimes reflect a good faith effort sufficient to justify a thirty day extension. *See In re Buster,* 275 S.W.3d 475, 477 (Tex. 2009) (nurse's report expressing opinion on causation constituted good faith effort that warranted granting of request for extension); *Leland v. Brandal,* 257 S.W.3d 204, 208 (Tex. 2008) (remanding to trial court to determine whether claimant was entitled to thirty day extension to cure defective expert report in case where trial court found report adequate and court of appeals found report deficient). A claimant may cure a deficiency by serving a report from a new expert. *In re Buster,* 275 S.W.3d at 477.

**Analysis**

Sampson and Hollis argue that because the standard of care at issue is applied to nurses, Sanford, a nurse, is qualified to render opinions with regard to that standard of care. ETMC contends that as a nurse, Sanford is unqualified to offer an opinion on causation.

Sanford's report and curriculum vitae state that she is a registered nurse with a doctorate of philosophy (Ph.D.) in nursing. The Texas Civil Practice and Remedies Code, however,

4

requires that an "expert" with respect to proximate cause must be a physician. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.351(r)(5)(C), 74.403(a). A physician, as defined by the statute, is a person licensed to practice medicine in this state. *Id.* § 74.001(a)(23)(A) (West 2017). "A nurse is not a physician and therefore is neither an expert nor is qualified to render an expert opinion regarding causation." *College Station Med. Ctr., LLC v. Todd*, No. 10-09-00398-CV, 2010 WL 3434677, at *2 (Tex. App.—Waco Sept. 1, 2010, pet. denied) (mem. op.). Thus, while Sanford's report could be used to explain the standard of care and any breach of the standard of care by a nurse, it cannot be used as proof of causation. *See San Jacinto Methodist Hosp. v. Carr*, No. 01-07-00655-CV, 2008 WL 2186473, at *4 (Tex. App.—Houston [1st Dist.] May 22, 2008, no pet.) (mem. op.). Accordingly, Sanford is not qualified to opine on causation. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.351(r)(5)(C), 74.403(a); *see also Rio Grande Reg'l Hosp. v. Ayala*, No. 13–11–00686–CV, 2012 WL 3637368, at *9 (Tex. App.—Corpus Christi Aug. 24, 2012, pet. denied) (mem. op.), *abrogated on other grounds*, *Columbia Valley Healthcare Sys., L.P. v. Zamarripa*, 526 S.W.3d 453 (Tex. 2017) (concluding that a report could not satisfy the TMLA's expert report requirement as to causation because its author was not a physician); *Rusk State Hosp. v. Black*, 379 S.W.3d 283, 292-93 (Tex. App.—Tyler 2010), *aff'd,* 392 S.W.3d 88 (Tex. 2012).

Under the circumstances of this case, the trial court could have reached only one decision, that Sanford was not qualified to give an expert opinion on causation and the case should be dismissed with prejudice. *See Lewis,* 253 S.W.3d at 207; *see also Palacios,* 46 S.W.3d at 875; *Teixeira,* 107 S.W.3d at 807; *Boada,* 304 S.W.3d at 533; TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b), (c). For this reason, the trial court did not abuse its discretion by granting ETMC's motion to dismiss. We overrule Sampson and Hollis's first issue.

## FAILURE TO GRANT EXTENSION

In their second issue, Sampson and Hollis argue that the trial court erred by failing to grant them the thirty-day grace period to amend their reports.

We review the trial court's decision to deny a request for a thirty-day extension under an abuse of discretion standard. *See Walker,* 111 S.W.3d at 62; *Hargrove v. Denno,* 40 S.W.3d 714, 716 (Tex. App.—San Antonio 2001, no pet.). Failure to serve an adequate report mandates dismissal with prejudice. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b). However,

section 74.351(c) provides that, "[i]f an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one thirty-day extension to the claimant in order to cure the deficiency." *Id*. § 74.351(c).

In this case, Sampson and Hollis did not ask the trial court to grant them an extension under section 74.351(c). In their reply to ETMC's motion to dismiss, Sampson and Hollis argued that Sanford was qualified to offer her opinions because she is a nurse and the complained-of conduct relates to nurses. However, they did not ask the court for an opportunity to cure Sanford's reports in the event the trial court found them deficient. Following the grant of the motion to dismiss, Sampson and Hollis filed a motion for new trial. In the motion for new trial, they again argued that Sanford's experience as a nurse qualified her as an expert, but they did not seek an extension under section 74.351(c). Because Sampson and Hollis made no request for the trial court to grant a thirty day extension to amend or supplement Sanford's reports, we cannot say the trial court abused its discretion by failing to grant an extension. *See Simmons v. Pamatmat*, No. 12-11-00318-CV, 2012 WL 6677672, at *2 (Tex. App.—Tyler Dec. 20, 2012, pet. denied) (mem. op.); *Strom v. Mem'l Hermann Hosp. Sys.*, 110 S.W.3d 216, 226 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (applying former version of the statute); *Hansen v. Starr*, 123 S.W.3d 13, 20-21 (Tex. App.—Dallas 2003, pet. denied) (applying former version of the statute); *see also* TEX. R. APP. P. 33.1 (any complaints to trial court must be made with sufficient specificity to make trial court aware of complaint, and a ruling or refusal to rule must be obtained, in order to preserve issue for appeal); *see also Morris v. Aguilar*, 369 S.W.3d 168, 170 n.3 (Tex. 2012) (one purpose of Rule 33.1 is to promote judicial efficiency by allowing the trial court the opportunity to correct any error). We overrule Sampson and Hollis's second issue.

## LACK OF AN ORAL HEARING

In their third issue, Sampson and Hollis contend the trial court erred by failing to hold an oral hearing on ETMC's motion to dismiss.

Section 74.351(*l*) provides that "[a] court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6)." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(*l*). "Unless required by the express

language or the context of the particular rule, the term 'hearing' does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court." *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998). "As a general rule, an adjudication based on written materials alone is sufficient." *Jackson v. Reardon*, 14 S.W.3d 816, 819 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (concluding the court conducted the statutorily-required hearing "based on written materials alone[ ]"); *see also Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 781 (Tex. 2005) (noting that "[m]any pretrial 'hearings' take place entirely on paper [ ]"); *Norris v. Tenet Houston Health Sys.*, No. 14–04–01029–CV, 2006 WL 1459958 (Tex. App.–Houston [14th Dist.] May 30, 2006, no pet.) (mem. op.) (a motion to dismiss pursuant to former Medical Liability and Insurance Improvement Act may be decided on written materials alone); *Mocega v. Urquhart*, 79 S.W.3d 61, 64 (Tex. App.–Houston [14th Dist.] 2002, pet. denied) (holding that a motion to dismiss pursuant to Article 4590i may be properly "heard" by submission).

Accordingly, this Court has previously held that section 74.351(*l*)'s use of the word "hearing" does not require a trial court to hold an *oral* hearing; rather the trial court may decide the matter on written submission. *Simmons*, 2012 WL 6677672, at *2; *see Jackson,* 14 S.W.3d at 819; (stating that "[a]rticle 4590i [the predecessor to Chapter 74] does not expressly require an oral hearing on a motion to dismiss [ ]"). Furthermore, any oral argument or testimony would fall outside the four corners of the expert report. *See Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 53 (Tex. 2002); *Palacios*, 46 S.W.3d at 878. For these reasons, we conclude the trial court did not err by failing to conduct an oral hearing on ETMC's motion to dismiss. We overrule Sampson and Hollis's third issue.

## DISPOSITION

Having overruled Sampson and Hollis's first, second, and third issues, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered January 18, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 18, 2018**

**NO. 12-17-00170-CV**

**JENNIFER SAMPSON, INDIVIDUALLY; AS A REPRESENTATIVE OF THE ESTATE OF SINDY JEAN HAMILTON; AND AS GUARDIAN OF JEANETTE BURTON AND SONYA HOLLIS, INDIVIDUALLY AND AS A REPRESENTATIVE OF THE ESTATE OF JANET MEYERS,**
Appellants
V.
**EAST TEXAS MEDICAL CENTER TYLER,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 16-1738-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellants, **JENNIFER SAMPSON AND SONYA HOLLIS,** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*